```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/16/2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER FRATICELLI, individually and on behalf of other persons similarly situated who were employed by MSG HOLDINGS, L.P. and THE MADISON SQUARE GARDEN COMPANY and/or any other entities affiliated with or controlled by MSG HOLDINGS, L.P. and THE MADISON SQUARE GARDEN COMPANY,

Plaintiffs,

- against -

MSG HOLDINGS, L.P. and THE MADISON SQUARE GARDEN COMPANY, and/or any other entities affiliated with or controlled by MSG HOLDINGS, L.P. and THE MADISON SQUARE GARDEN COMPANY,

Defendants.

Case No. 13 CV 6518 (JMF)

**CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial pursuant to 28 U.S.C. 636(c).

2. Settlement discussions have not taken place.

3. The parties have conferred pursuant to Fed. R. Civ. P. 26(f). Counsel has not agreed on a schedule that calls for the close of all discovery not more than six (6) months from the date of the Notice of the Initial Pretrial Conference.

4. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within 30 days from the date of this Order.

5. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than 14 days from the date of this Order.

6. [N/A]

7. Discovery

    a. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

    b. All fact discovery relating to Plaintiff's claims and class action certification shall be completed by no later than ~~September 15, 2014~~. June 29, 2014

    c. If any expert discovery is necessary relating to Plaintiff's ~~claims or class action~~ certification, such discovery, ~~including reports~~, production of the underlying documents, ~~and depositions~~, shall be completed no later than October 15, 2014. [JMF]

    d. Plaintiff's motion for class certification shall be due ~~October 15, 2014~~ August 1, 2014. Defendants' response to Plaintiff's motion shall be due ~~November 25, 2014~~ September 19, 2014, and Plaintiff's reply shall be due ~~December 22, 2014~~ October 10, 2014.

    e. After the class certification motion is decided, the parties will propose a further discovery schedule, if appropriate.

8. Interim Discovery Deadlines

    a. Initial requests for production of documents shall be served by February 12, 2014.

    b. Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York shall be served by February 12, 2014. No Rule 33.3(a) interrogatories need to be served with respect to the disclosures automatically required by Fed. R. Civ. P. 26(a).

    c. Unless otherwise ordered by the Court, contention interrogatories pursuant to Rule 33.3(c) of the Local Rules of the Southern District of New York must be served no later than thirty (30) days before the close of discovery. No other interrogatories are permitted except upon prior express permission of the Court.

    d. Unless otherwise ordered by the Court, depositions of fact witnesses relating to Plaintiff's claims or class certification shall be completed by the date set forth in Paragraph 7(b).

        i. Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production. ~~Defendants reserve the right to seek to depose Plaintiff if appropriate, in response to Plaintiff's anticipated motion for conditional certification under the Fair Labor Standards Act. Plaintiff reserves the right to object to Defendant's request for such deposition, if appropriate.~~

        ii. There is no priority in deposition by reason of a party's status as a plaintiff or a defendant.

      iii. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

  e. [The parties do not anticipate serving requests to admit.]

  f. Any of the deadlines in paragraphs 8(a) through (e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 7(b).

  g. No later than thirty (30) days prior to the date in paragraph 7(b) (i.e., the completion of fact discovery regarding the Plaintiff's claims and class certification), the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents, and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(c). *[struck through, initialed JMF]*

9. All motions and applications shall be governed by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and the Court's Individual Rules and Practices (available at http://nysd.uscourts.gov/judge/Furman).

10. In the case of discovery disputes, parties should follow Local Civil Rule 37.2 with the following modifications. Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute. If this meet-and-confer process does not resolve the dispute, the party may, in accordance with the Court's Individual Rules and Practices in Civil Cases, file a letter-motion, no longer than three pages, explaining the nature of the dispute and requesting an informal conference. Such a letter must include a representation that the meet-and-confer process occurred and was unsuccessful. If the opposing party wishes to respond to the letter, it must file a responsive letter, not to exceed three pages, within three business days. Counsel should be prepared to discuss with the Court the matters raised by such letters, as the Court will seek to resolve discovery disputes quickly, by order, by conference, or by telephone.

11. All counsel must meet in person for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

12. Alternative Dispute Resolution/Settlement

  a. Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed that, due to the unique factual circumstances and lack of clear precedent on the legal issues presented, settlement is unlikely at this initial stage, and the parties' resources are better spent focused on initial formal discovery.

  b. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties have agreed to revisit the issue of alternative dispute resolution following initial discovery.

  c. Counsel for the parties recommend that the alternative dispute resolution mechanism designated in paragraph 10(b) be employed no sooner than one hundred twenty (120) days from this Order, to allow time for written discovery and some depositions.

  d. The use of any alternative dispute resolution mechanism does not stay or modify any date of this Order.

13. Absent good cause, the Court will not have summary judgment practice in a non-jury case. Summary judgment motions, if applicable, and any motion to exclude the testimony of experts pursuant to Rules 702-705 of the Federal Rules of Evidence and the *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), line of cases, are to be filed within thirty (30) days of the close of fact or expert discovery (whichever is later). Unless otherwise ordered by the Court, opposition to any such motion is to be filed two (2) weeks after the motion is served on the opposing party, and a reply, if any, is to be filed one (1) week after service of any opposition.

14. Unless otherwise ordered by the Court, within thirty (30) days of the close of all discovery, or, if a dispositive motion has been filed, within thirty (30) days of a decision on such motion, the parties shall submit to the Court for its approval a Joint Pretrial Order prepared in accordance with the Court's Individual Rules and Practices and Fed. R. Civ. P. 26(a)(3). The parties shall also follow Paragraph 5 of the Court's Individual Rules and Practices, which identifies submissions that must be made at or before the time of the Joint Pretrial Order, including any motions *in limine*.

15. If this action is to be tried before a jury, joint requests to charge, joint proposed verdict forms, and joint proposed *voir dire* questions shall be filed on or before the Joint Pretrial Order due date in accordance with the Court's Individual Rules and Practices. Jury instructions may not be submitted after the Joint Pretrial Order due date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A). If this action is to be tried to the Court, proposed findings of fact and conclusions of law shall be filed on or before the Joint Pretrial Order due date in accordance with the Court's Individual Rules and Practices.

16. Unless the Court orders otherwise for good cause shown, the parties shall be ready for trial two weeks after the Joint Pretrial Order is filed.

17. This case is to be tried to a jury.

18. Counsel for the parties have conferred, and Plaintiff's present best estimate of the length of trial is 10 days, Defendants' best estimate is 3 days as an individual action and 3 weeks or more if the action proceeds as a class and collective action.

19. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3): none at this time.

_____/s/_____
VIRGINIA & AMBINDER, LLP
Lloyd R. Ambinder
LaDonna M. Lusher
Suzanne B. Leeds
111 Broadway, Suite 1403
New York, New York 10006
Tel: (212) 943-9080
Fax: (212) 943-9082
lambinder@vandallp.com

LEEDS BROWN LAW, P.C.
Jeffrey K. Brown
Michael A. Tompkins
Daniel H. Markowitz
One Old Country Road, Suite 347
Carle Place, NY 11514
Tel: (516) 873-9550
jbrown@leedsbrownlaw.com

*Attorneys for Plaintiff and the Putative Class*

_____/s/_____
MORGAN, LEWIS & BOCKIUS LLP
Ira G. Rosenstein
Samuel S. Shaulson
101 Park Avenue
New York, New York 10178
Tel: (212) 309-6000
Fax: (212) 309-6001
irosenstein@morganlewis.com

*Attorneys for Defendants*

Defendants' request for leave to depose the Plaintiff prior to the filing of any motion for preliminary certification of a collective action is DENIED without prejudice to renewal, by letter not to exceed three pages, no later than January 21, 2014; any opposition shall be filed by January 25, 2014, and shall not exceed three pages.

**TO BE FILLED IN BY THE COURT IF APPLICABLE:**

____Plaintiff____ shall file a motion for _preliminary certification of a collective action_ no later than ___February 7, 2014___. Any opposition is due __3__ weeks after the filing of the motion. Any reply is due __1__ week(s) after the filing of the opposition. At the time any reply is due, the moving party shall supply one courtesy hard copy of all motion papers by mail or hand delivery to the Court.

    The parties must contact the chambers of the Magistrate Judge designated to this case on or before _____ in order to schedule settlement discussions under his/her supervision in or about _____.

01/13/2014 Version

The next pretrial conference is scheduled for ___July 1, 2014___ at ___3 pm___ in Courtroom 1105 of the Thurgood Marshall Courthouse, 40 Centre Street, New York, New York 10007.

By **Thursday of the week prior to that conference**, the parties shall file on ECF a joint letter, not to exceed three (3) pages, regarding the status of the case. The letter should include the following information in separate paragraphs:

(1) A statement of all existing deadlines, due dates, and/or cut-off dates;

(2) A brief description of any outstanding motions;

(3) A brief description of the status of discovery and of any additional discovery that needs to be completed;

(4) A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any;

(5) A statement of the anticipated length of trial and whether the case is to be tried to a jury;

(6) A statement of whether the parties anticipate filing motions for summary judgment; and

(7) Any other issue that the parties would like to address at the pretrial conference or any information that the parties believe may assist the Court in advancing the case to settlement or trial.

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Unless the Court orders otherwise, parties engaged in settlement negotiations must proceed on parallel tracks, pursuing settlement and conducting discovery simultaneously. Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail. Any application to modify or extend the dates herein (except as provided in paragraph 8(f)) shall be made in a written application in accordance with Court's Individual Rules and Practices and shall be made no fewer than two (2) business days prior to the expiration of the date sought to be extended. Absent exceptional circumstances, extensions will not be granted after deadlines have already passed.

SO ORDERED.

_____
JESSE M. FURMAN
United States District Judge

Dated: January 15, 2014
New York, New York

01/13/2014 Version