UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/07/2014

------------------------------------------------------------------------X
                                                                       :
CHRISTOPHER FRATICELLI, et al.,                                        :
                                                                       :
                              Plaintiffs,                              :          13 Civ. 6518 (JMF)
                                                                       :
              -v-                                                       :          MEMORANDUM OPINION
                                                                       :          AND ORDER
MSG HOLDINGS, L.P., et al.,                                            :
                                                                       :
                              Defendants.                              :
                                                                       :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiffs bring this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§§ 201 *et seq.*, and the New York State Labor Law ("NYLL"), N.Y. Lab. Law §§ 650 *et seq.*,

against MSG Holdings, L.P. and the Madison Square Garden Company (together, "MSG" or

"Defendants"). On March 10, 2014, Plaintiffs moved for conditional certification of a FLSA

collective action and for approval of a collective action notice. (Docket No. 29). They propose

that notice be sent to "[a]ll current and former interns engaged by MSG Holdings, L.P. and The

Madison Square Garden Company, and all of their entities, subsidiaries, venues and affiliates . . .

from September 16, 2010 through the present." (Pls.' Mem. (Docket No. 30) 2 (emphasis

omitted)). Upon review of the parties' submissions, Plaintiffs' motion for conditional

certification is DENIED.

      At the initial certification stage of an FLSA collective action, Plaintiffs have the "low"

burden of making a "modest factual showing" that they and "potential opt-in plaintiffs together

were victims of a common policy or plan that violated the law." *Myers v. Hertz Corp.*, 624 F.3d

537, 555 (2d Cir. 2010) (internal quotation marks omitted). Plaintiffs can meet this burden by

showing that "there are other employees who are similarly situated with respect to their job

requirements and with regard to their pay provisions." *Id.* (internal quotation marks omitted).

Significantly, however, "while plaintiff's burden at this stage is modest, it is not non-existent." *Khan v. Airport Mgmt. Servs., LLC*, No. 10 Civ. 7735 (NRB), 2011 WL 5597371, at *5 (S.D.N.Y. Nov. 16, 2011); *see also, e.g.*, *Rudd v. T.L. Cannon Corp.*, No. 3:10 Civ. 591 (DEP), 2011 WL 831446, at *6 (N.D.N.Y. Jan. 4, 2011) ("Although the standard governing plaintiffs' application is lax and their burden modest, a court must nonetheless take a measured approach when addressing a request for collective action certification, mindful of the potential burdens associated with defending against an FLSA claim involving a large and broadly defined collective group of plaintiffs.").

Although there is no dispute that all MSG interns were not paid (*see* Defs.' Mem. 25 (acknowledging that MSG had unpaid interns)), that fact alone does not necessarily imply that MSG engaged in a "common policy or plan that violated the law." *Myers*, 624 F.3d at 555; *see also Vasquez v. Vitamin Shoppe Indus. Inc.*, No. 10 Civ. 8820 (LTS), 2011 WL 2693712, at *4 (S.D.N.Y. July 11, 2011) ("[T]he mere classification of a group of employees . . . as exempt under the FLSA is not by itself sufficient to constitute the necessary evidence of a common policy, plan, or practice that renders all putative class members as 'similarly situated' for § 216(b) purposes." (internal quotation marks omitted)).  Whether MSG was legally obligated to pay its interns turns on whether the interns are properly considered "employees" under the FLSA or whether they fall under the "trainee" exception established by *Walling v. Portland Terminal Co.*, 330 U.S. 148 (1947).  *See Glatt v. Fox Searchlight Pictures, Inc.*, 293 F.R.D. 516, 530-31.

The Second Circuit has not addressed the standard governing the trainee exception, but it is clear that six criteria enumerated in a Department of Labor ("DOL") fact sheet are at least relevant to, and perhaps dispositive of, the inquiry.  *See Glatt*, 293 F.R.D. at 532-35 (adopting and applying the DOL factors); *Xuedan Wang v. Hearst Corp.* (*Xuedan Wang II*), 293 F.R.D.

489, 492-93 (S.D.N.Y. 2013) (adopting a "totality of circumstances" standard, but considering the DOL factors as relevant to this analysis).  The DOL factors are whether: (1) the internship, even though it includes actual operation of the facilities of the employer, is similar to training which would be given in an educational environment; (2) the internship experience is for the benefit of the intern; (3) the intern does not displace regular employees, but works under close supervision of existing staff; (4) the employer that provides the training derives no immediate advantage from the activities of the intern; and on occasion its operations may actually be impeded; (5) the intern is not necessarily entitled to a job at the conclusion of the internship; and (6) the employer and the intern understand that the intern is not entitled to wages for the time spent in the internship.  Of course, the Court is not permitted to weigh the merits of Plaintiffs' claims at this stage of the litigation, *Xuedan Wang v. Hearst Corp.* (*Xuedan Wang I*), No. 12 Civ. 793 (HB), 2012 WL 2864524, at *2 (S.D.N.Y. July 12, 2012), but the legal standard governing the trainee exception is relevant here because the "modest factual showing" that Plaintiffs must make under *Myers* is that they were "victims of a common policy or plan that *violated the law*," 624 F.3d at 555 (emphasis added and internal quotation marks omitted).

In this case, Plaintiffs have not met their low burden of showing that all MSG interns were subject to such a common policy or plan that violated the law.  Since 2007, the MSG interns have worked in approximately one hundred different departments, and their experiences appear to vary greatly from one department to the next, in ways that are highly relevant to the DOL factors.  (Shaulson Decl. (Docket No. 42), Ex. 2 ¶ 5).  For instance, named Plaintiff Fraticelli interned at the New York Rangers' practice facility in Greenburgh, New York, and his responsibilities involved preparing uniforms, tracking inventory, and setting up the locker room, all without much supervision from his superiors.  (Ambinder Decl. (Docket No. 31), Ex. A ¶ 8

("Fraticelli Decl."); Shaulson Decl., Ex. 1 ("Fraticelli Dep."), at 207:2-10).  Areej Sabzwari, by

contrast, procured an architecture-related internship in the Future Venue department, in the

course of which Sabzwari observed architects working on ongoing projects, sat in on meetings

with consultants and clients, and took field and design measurements and fittings.  (Shaulson

Decl., Ex. 6 ¶¶ 3, 8-10).  In general, significant differences exist among the interns in terms of

the activities they performed (Defs.' Opp'n (Docket No. 41) 14-15), the supervision, training,

and benefits they received (*id.* at 15-16), the burdens they imposed on MSG (*id.* at 15), and the

manner in which they were selected for their positions (*id.* at 20).[1]

      Plaintiffs' arguments to the contrary are unpersuasive.  First, Plaintiffs' affidavits contain

a number of unsupported and conclusory assertions that the Court will not credit.  (*See, e.g.*,

Fraticelli Decl. ¶ 13 ("If I had not performed the various tasks I was assigned, MSG would have

had to hire a paid employee to do them."); *id.* ¶ 15 ("'I know that MSG treated other interns in a

manner similar to me based on my observations as well as discussion we often had amongst

ourselves.'")); *see also Myers*, 624 F.3d at 555 (noting that the "modest factual showing cannot

be satisfied simply by unsupported assertions" (internal quotation marks omitted)); *accord*

*Ikikhueme v. CulinArt, Inc.*, No. 13 Civ. 293 (JMF), 2013 WL 2395020, at *2 (S.D.N.Y. June 3,

2013).  Second, although Plaintiffs assert that MSG runs a "centralized internship program based

in Penn Plaza" (Pls.' Mem. 5), they present little or no evidence to support that assertion; they

merely point to a copy of the code of conduct that governs all MSG employees, including interns

(Ambinder Decl., Ex. E), a standardized time sheet with the word "Intern" at the top (*id.*, Ex. F),

and a script distributed to interns instructing them on how to manage telephone calls (*id.*, Ex. G).

      Accordingly, this case is different from the other "intern misclassification" collective

---

[1]    In fact, named Plaintiff Fraticelli testified at his deposition that the activities he
performed were "entirely different" from those of other interns because "[his] department was
very different."  (Fraticelli Dep., at 302:5-18; *see also id.* at 306:2-307:14).

actions that courts in this district — including this Court — have certified despite "disparate factual and employment settings." *Glatt*, 293 F.R.D. at 538.  In *Glatt*, for example, Plaintiffs offered "generalized proof that interns were victims of a common policy to replace paid workers with unpaid interns." *Id.*  That proof included testimony that departments at the defendant company requested interns "according to their needs," and an internal company memorandum reporting that "because paid internships were eliminated and overtime pay and temporary employees scaled back, the size of [the] unpaid intern program more than doubled." *Id.* at 536, 538.  And in *O'Jeda v. Viacom, Inc.*, No. 13 Civ. 5658 (JMF), 2014 WL 1344604 (S.D.N.Y. Apr. 4, 2014), an intern collective action that this Court recently certified, the evidence of a centralized internship program was far stronger than that here; it included a thirty-five page long internship guide (Docket No. 28, Ex. A), a memorandum from the company's College Relations Department mandating that interns complete an orientation program and work at least two days per week (*id.*, Ex. B), and centralized web pages that provided general descriptions of the program (*id.*, Exs. C, D).  Even with that evidence, the Court acknowledged that "the question [was] a close one in some respects." 2014 WL 1344604, at *1.

*Xuedan Wang I*, upon which Plaintiffs also rely, presents a closer case, but it too is distinguishable.  First, as discussed above, the evidence here suggests that not all MSG interns performed "entry-level work with little supervision."  *Xuedan Wang I*, 2012 WL 2864524, at *2. Second, the record evidence in *Xuedan Wang I* — like in *Glatt* — suggested that unpaid interns were systematically used as substitutes for paid employees.  (*See* Defs.' Opp'n 13 n.3; *see also, e.g.*, 12 Civ. 793, Docket No. 23, Ex. EE (e-mail stating that "[t]here needs to be a 20% reduction in the use of messengers," and "[i]n the event this is not possible . . . please use your interns to do Manhattan runs (using the subway).")).  Moreover, there is some reason to believe

that the *Xuedan Wang I* Court applied an incorrect standard to the question of conditional certification.  *Xuedan Wang I* held that, for purposes of conditional certification, "the plaintiff need only establish that other employees '*may* be similarly situated' to her."  *Xuedan Wang I*, 2012 WL 2864524, at \*2 (emphasis added) (quoting *Myers*, 624 F.3d at 555).  The "may be similarly situated" language, however, comes from a sentence in *Myers* that simply describes the FLSA's two-step certification method.  Read in context, the word "may" refers to the fact that after sending notice, a court can, at the second stage of the certification process, find that the plaintiffs were not, in fact, similarly situated.  It does not describe the standard to be applied in the first instance, which is whether Plaintiffs have made "a modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law."  624 F.3d at 555 (internal quotation marks omitted); *see also id.* (noting that the "purpose of this first stage is merely to determine whether 'similarly situated' plaintiffs do in fact exist" (emphasis omitted)).

For the reasons stated above, Plaintiffs in this case have not made that showing.  Accordingly, their motion for conditional certification is DENIED.  The Clerk of the Court is directed to terminate Docket No. 29.  All dates and deadlines remain in effect.

SO ORDERED.

Dated: May 7, 2014
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

6