UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

CHRISTOPHER FRATICELLI,             :
individually and on behalf
of other persons similarly          :
situated who were employed
by MSG HOLDINGS, L.P. and           :
THE MADISON SQUARE GARDEN
COMPANY and/or any other            :    13 Civ. 6518 (HBP)
entities affiliated with
or controlled by MSG HOLDINGS,      :    OPINION
L.P. and THE MADISON SQUARE              AND ORDER
GARDEN COMPANY,                     :

                    Plaintiff,      :

    -against-                       :

MSG HOLDINGS, L.P. and THE          :
MADISON SQUARE GARDEN COMPANY,
and/or any other entities           :
affiliated with or controlled
by MSG HOLDINGS, L.P. and THE       :
MADISON SQUARE GARDEN COMPANY,
                                    :
                    Defendants.
                                    :
-----------------------------------X


          PITMAN, United States Magistrate Judge:


I.  Introduction


          Plaintiffs bring this putative class and collective

action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§§ 201 et seq., the New York Labor Law ("NYLL") Sections 650 et

seq., NYLL Sections 190 et seq., and 12 New York Codes, Rules and

Regulations, Section 142-2.1, to recover unpaid minimum and

overtime wages.  Plaintiffs now move for (1) preliminary approval of the parties' proposed settlement agreement; (2) conditional certification pursuant to Fed.R.Civ.P. 23(e) of a New York class of interns who worked for defendants from September 16, 2007 through the date of the preliminary approval order; (3) appointment of Virginia & Ambinder, LLP and Leeds Brown Law, P.C. as class counsel; (4) approval of a proposed notice of (a) class action settlement, (b) collective action settlement and (c) fairness hearing and (5) an order directing the distribution of the proposed notice.[1]  Defendants do not oppose this motion (Pl. Mem. in Support at 1).

The parties have consented to my exercising plenary jurisdiction to resolve the motions for preliminary and final settlement approval, including entering final judgment in accordance with the settlement pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (D.I. 60).

---

[1] See Notice of Motion for Preliminary Approval of Proposed Settlement, for Appointment of Class Counsel, and for Approval of Proposed Notice, dated Nov. 17, 2014 (Docket Item ("D.I.") 64); Mem. Of Law in Support of Plaintiff's Motion, undated, filed Dec. 1, 2014 (D.I. 68) ("Pl. Mem. in Support"); Declaration of Lloyd Ambinder in Support of Plaintiff's Motion, dated Nov. 17, 2014 (D.I. 67) ("Ambinder Decl."); Joint Letter re Revised Proposed Notice of Proposed Class and Collective Action Lawsuit Settlement and Fairness Hearing, dated Dec. 23, 2014 (D.I. 70) ("Parties 12/23/2014 Letter").

For the reasons set forth below, the motion to appoint class counsel is granted and the remaining motions are denied without prejudice; plaintiffs may renew the latter motions in a subsequent submission limited to those issues identified in the discussion below as requiring further briefing.

II.  Facts and
     Procedural History

Plaintiffs worked for defendants as unpaid interns in various departments; they allege that they were uniformly misclassified by defendants as exempt from the federal and state minimum wage and overtime requirements (Class Action Complaint (D.I. 1) ("Complaint") ¶¶ 22-24; Ambinder Decl. ¶¶ 3, 10-12). Plaintiffs allege that although they were not classified as "employees" by defendants, they regularly performed tasks related to and necessary to the maintenance of defendants' operations (Complaint ¶ 27).  Named plaintiff Christopher Fraticelli allegedly worked more than forty hours per week, and his primary job duties included data entry, tracking inventory, opening packages and organizing the items contained within (Complaint ¶¶ 29-31). Plaintiffs seek to recover, among other things, unpaid wages, attorney's fees, and liquidated damages pursuant to the FLSA and NYLL (Complaint ¶¶ 49, 66, 88).

3

Plaintiffs moved on March 10, 2014 for conditional certification of the FLSA collective and for court authorization to send notices to potential opt-ins.  The motion was heavily contested and both parties submitted briefing and affidavits from individuals who would be eligible to opt in to a collective action (See D.I. 29, 30, 32-36, 41, 42, 44, 45).  In a decision issued on May 7, 2014, the Honorable Jesse M. Furman, United States District Judge, denied plaintiffs' motion for conditional certification of the FLSA collective action and for approval of the collective action notice.  Fraticelli v. MSG Holdings, L.P., 13 Civ. 6518 (JMF), 2014 WL 1807105 (S.D.N.Y. May 7, 2014).

The parties thereafter engaged in settlement negotiations for several months and eventually reached a settlement. Plaintiffs filed the pending unopposed motions concerning the proposed settlement in November and December of 2014.

The proposed settlement covers two overlapping groups of plaintiffs:  (1) "individuals who were Interns for MSG Holdings, L.P. during the period from September 5, 2011 through the date of the Preliminary Approval Order" ("FLSA Collective") and (2) "individuals who were Interns for MSG Holdings, L.P. in a location in the State of New York according to MSG records from September 16, 2007 through the date of the Preliminary Approval Order" ("New York Class") (Ambinder Decl. Ex. A ("Settlement

4

Agreement") ¶¶ 1.14, 1.29).  The first group includes those individuals who have a claim under the FLSA and the second group includes those who also have a claim under the NYLL.

The Settlement Agreement provides that defendants will pay a total of $795,000 ("the Settlement Fund") to settle the claims of the FLSA Collective and New York Class (Settlement Agreement ¶ 3.1(A)).

The Settlement Agreement also provides that class counsel will seek approval of the following disbursements, to be paid out of the Settlement Fund: (1) an attorney's fee award of not more than twenty-five percent of the settlement amount, plus an additional amount not to exceed $35,000 to cover counsel's actual fees for the period between July 10, 2014 and final settlement; (2) a service award of $3,000 for the named plain-tiff; (3) settlement administration fees, costs, and expenses, including but not limited to the settlement claim administrator's fees and costs and costs of all notices[2] and (4) a reserve fund of $10,000 to pay certain claims and disputes that may arise

---

[2]  Counsel has not provided an estimate of the administrator's fees and costs.  Any final approval of the settlement agreement will be made only after review of the amount of this disbursement.

after the net settlement fund has been paid out (Settlement
Agreement ¶¶ 1.20, 3.1(E), 3.2(A), 3.3(A)).[3]

Following deduction for these disbursements, the
remaining portion of the settlement fund ("Net Settlement Fund")
will be distributed to "Participating Claimants," i.e. those FLSA
Collective members who timely submit an opt-in form and release
and those New York Class members who have not opted out and have
submitted a claim form and release (Settlement Agreement ¶¶ 1.15,
1.20, 1.24, 1.35, 2.8, 3.4). Potential Claimants will be catego-
rized as either Group A Interns or Group B interns based on which
department they worked in. Each participating class member will
receive payment based upon the amount paid to the intern as a
daily stipend, as reflected in defendant's records, divided by a
calculated denominator. The denominator will be the sum of the
aggregate daily stipend income of all Group A interns multiplied
by 1.3, plus the aggregate daily stipend income of all group B
interns during the relevant period. The percentage share will
then be multiplied by the Net Settlement Fund. Group B interns
will receive such share while Group A interns will receive such
share multiplied by 1.3 (Settlement Agreement ¶ 3.4(B)).

---

[3] The proposed settlement is lengthy and highly detailed.
The summary set forth herein highlights only the major aspects of
the agreement.

III.  <u>Analysis</u>

    A.  <u>Class Certification</u>

        Plaintiffs' primary argument in favor of class certifi-
cation is that defendants' common policy of treating all interns
as exempt justifies class treatment here; however, the papers in
support of the pending motions fail to address three significant
judicial decisions that are material to my assessment of the
pending motions.  Plaintiffs fail to address Judge Furman's May
2014 decision denying the motion for conditional certification of
the FLSA collective action and the Court of Appeals' recent
decisions addressing class treatment of interns under the federal
and state labor laws.  See <u>Glatt v. Fox Searchlight Pictures,
Inc.</u>, 791 F.3d 376 (2d Cir. 2015); <u>Xuedan Wang v. Hearst Corp.</u>,
617 F. App'x 35 (2d Cir. 2015) (summary order).[4]

        In his decision denying the motion for conditional
certification, Judge Furman assessed whether plaintiffs had made
the "'modest factual showing' that they and 'potential opt-in
plaintiffs together were victims of a common policy or plan that
violated the law.'"  See <u>Fraticelli v. MSG Holdings, L.P.</u>, <u>supra</u>,

---

    [4] <u>Glatt</u> and <u>Xuedan Wang</u> were understandably not addressed in
the initial papers on this motion because they were decided after
plaintiffs' motion was fully submitted.

2014 WL 1807105 at *3, quoting Myers v. Hertz Corp., 624 F.3d
537, 555 (2d Cir. 2010).  Judge Furman stated that whether
defendant "was legally obligated to pay its interns turns on
whether the interns are properly considered 'employees' under the
FLSA or whether they fall under the 'trainee exception'[.]"
Fraticelli v. MSG Holdings, L.P., supra, 2014 WL 1807105 at *1
(citation omitted).  Judge Furman went on to note that the six
factors identified by the United States Department of Labor were
relevant to the resolution of this issue.  Fraticelli v. MSG
Holdings, L.P., supra, 2014 WL 1807105 at *2.  Judge Furman did
not credit the conclusory assertions in plaintiffs' affidavits
and found that the proposition that defendants ran a "centralized
internship program based in Penn Plaza" was unsupported by the
evidence that plaintiffs presented.  Fraticelli v. MSG Holdings,
L.P., supra, 2014 WL 1807105 at *3.  Judge Furman concluded that
"Plaintiffs [had] not met their low burden of showing that all
MSG interns were subject to such a common policy or plan that
violated the law.  Since 2007, the MSG interns have worked in
approximately one hundred different departments, and their
experiences appear to vary greatly from one department to the
next, in ways that are highly relevant to the [Department of
Labor] factors."  Fraticelli v. MSG Holdings, L.P., supra, 2014

8

WL 1807105 at *2 (citing declaration of defendant's human re-
sources manager).

      In their current application, plaintiffs fail to
address what has changed legally or factually after Judge
Furman's decision to justify conditional certification now, how
plaintiffs can meet the higher standard for Rule 23 class certif-
ication on commonality when they could not meet it in their
earlier motion, and/or what concessions defendants have made on
the multiple contested issues that justify conditional certifica-
tion of a collective action at this time.

      Two recent decisions from the Court of Appeals have
also further refined the law regarding intern misclassification
under both the FLSA and NYLL.  In <u>Glatt v. Fox Searchlight
Pictures, Inc.</u>, <u>supra</u>, 791 F.3d at 379, the Court of Appeals
vacated the district court's certification of a class of New York
interns working at certain of defendants' divisions and to
conditionally certify a nationwide FLSA collective of all interns
working at those same divisions.  The Court of Appeals expressly
declined to adopt the Department of Labor's six-factor test to
determine whether a person is an "employee" under the law.  <u>Glatt
v. Fox Searchlight Pictures, Inc.</u>, <u>supra</u>, 791 F.3d at 383.
Instead, the Court adopted a "primary beneficiary" test and set
forth a list of seven "non-exhaustive" considerations for courts

9

to take into account when analyzing when a putative intern is actually an employee.  Glatt v. Fox Searchlight Pictures, Inc., supra, 791 F.3d at 383-84.  These factors include the training provided to the intern, the duration of the internship, and the extent to which the internship is tied to the intern's formal education.  Glatt v. Fox Searchlight Pictures, Inc., supra, 791 F.3d at 384.  The Court indicated that "[a]pplying these consid-erations requires weighing and balancing all of the circum-stances" and that "every factor need not point in the same direction for the court to conclude that the intern is not an employee entitled to the minimum wage."  Glatt v. Fox Searchlight Pictures, Inc., supra, 791 F.3d at 384.

As to the motion for class certification, the district court in Glatt had found that the predominance requirement was met because common questions pertaining to liability "could be answered" by evidence that interns "were recruited to help with busy periods, that they displaced paid employees, and that [defendants'] employees overseeing internships did not believe they complied with the law."  The Court of Appeals disagreed with this finding, stating that,

> [a]s our previous discussion of the proper test indi-
> cates, the question of an intern's employment status is
> a highly individualized inquiry.  [Plaintiff's] common
> evidence will not help to answer whether a given in-
> ternship was tied to an education program, whether and

10

> what type of training the intern received, whether the intern continued to work beyond the primary period of learning, or the many other questions that are relevant to each class member's case. . . .
>
> In sum, even if [plaintiff] established that [defendants] had a policy of replacing paid employees with unpaid interns, it would not necessarily mean that every [intern] was likely to prevail on her claim that she was an FLSA employee under the primary beneficiary test, the most important issue in each case.  Thus, assuming some questions may be answered with generalized proof, they are not more substantial than the questions requiring individualized proof.

Glatt v. Fox Searchlight Pictures, Inc., supra, 791 F.3d at 386. Because the district court's decision in Glatt to conditionally certify the FLSA collective action relied "primarily on its analysis of commonality" with respect to the Rule 23 motion, the Court of Appeals reversed the decision to conditionally certify the FLSA collective as well.  Glatt v. Fox Searchlight Pictures, Inc., supra, 791 F.3d at 387-88 ("If anything, [plaintiff's] proposed collective presents an even wider range of experience than her proposed class because it is nationwide in scope, rather than limited to just New York interns.").

In a companion case to Glatt, Xuedan Wang v. Hearst Corp., supra, 617 F. App'x at 36-38, the Court of Appeals affirmed an order denying both summary judgment concerning plaintiffs' status as "employees" under the FLSA and NYLL and class certification under Rule 23.  The Court held that defendant's

11

"common practices" were not determinative of the merits, explain-

ing that

> [a]s we have framed the relevant inquiry, courts must
> analyze how the internship was tied to the intern's
> formal education, the extent of the intern's training,
> and whether the intern continued to work beyond the
> period of beneficial learning.  Irrespective of the
> type of evidence used to answer them, these questions
> are individual in nature and will require individual
> analysis.  Moreover, . . . interns' experiences varied
> across the numerous departments . . . . Therefore,
> because of variation in the proposed class and the need
> for individual analysis of each intern's situation,
> common questions do not predominate over individual
> ones.

Xuedan Wang v. Hearst Corp., supra, 617 F. App'x at 37 (citing

Glatt v. Fox Searchlight Pictures, Inc., supra, 791 F.3d at 386).

The Court of Appeals remanded both cases to the district court

for further proceedings and noted that "we cannot foreclose the

possibility that a renewed motion" for class certification or

conditional collective certification "might succeed on remand

under our revised standard[s]."  See Glatt v. Fox Searchlight

Pictures, Inc., supra, 791 F.3d at 387 n. 5, 388 n.7; Xuedan Wang

v. Hearst Corp., supra, 617 F. App'x at 38 n.2.

     There is no question that Judge Furman and the forego-

ing Court of Appeals' decisions are material to the motions

before me here.  For example, Judge Furman noted that (1) the

interns in the FLSA class worked in approximately one hundred

different departments, (2) there were differences in the activi-

12

ties they performed, and (3) there were differences in the
supervision, training, and benefits they received -- all of which
are relevant to the primary beneficiary test set forth by the
Court of Appeals.  See Fraticelli v. MSG Holdings, L.P., supra,
2014 WL 1807105 at *2.  Instead of addressing the "employee"
versus "trainee" inquiry, plaintiffs rely on the same "common
practices" arguments that were rejected by the Court of Appeals
in Xuedan Wang v. Hearst Corp., supra, 617 F. App'x at 37.  For
example, in a section of a supporting affidavit, entitled "Com-
monality and Predominance," plaintiffs point to the following
"common" factual and legal questions: "Whether Defendants paid
Plaintiff and members of the putative class all earned minimum
and overtime wages"; "Whether the Defendants required Plaintiff
and members of the putative class to perform work on its behalf
and for its benefit for which they were not compensated in
accordance with New York Labor Law" and "Whether the Defendants
misclassified Plaintiff and members of the putative class as
exempt from minimum and overtime wages" (Ambinder Decl. ¶ 10)
Plaintiffs argue that the "commonality of these issues is evi-
dent" (Ambinder Decl. ¶ 11).  Although plaintiffs are correct
that these factors are common, plaintiffs do not address the core
-- and more difficult issue -- whether there are common factual
issues that bear on plaintiffs' status as interns or employees.

13

I recognize that the law favors the settlement of disputes and that the standard for certification is less demanding in the settlement context.  See Tart v. Lions Gate Entm't Corp., 14 Civ. 8004 (AJN), 2015 WL 5945846 at *4 (S.D.N.Y. Oct. 13, 2015) (Nathan, D.J.)("Both the Supreme Court and Second Circuit have made clear that class certification is different in the settlement context."), citing Amchem Products, Inc. v. Windsor, 521 U.S. 591, 619 (1997); In re AIG, 689 F.3d 229, 240 (2d Cir. 2012).  Nevertheless, the court must review such settlements critically, and the burden on the parties is not non-existent.

Because the plaintiffs' submissions do not address the factors recently identified as material by the Court of Appeals, I shall deny the motions in part without prejudice and subject to renewal.  For the sake of efficiency, I shall nevertheless address those matters affecting the pending motions that can be resolved at this time below.  The plaintiffs' supplemental submission need only address those issues not resolved in this Order.

14

B.  Preliminary Approval
    of the Class Settlement

The preliminary determination of fairness "is at most a determination that there is what might be termed 'probable cause' to submit the proposal to class members and hold a full-scale hearing as to its fairness." In re Traffic Exec. Ass'n Eastern R.Rs., 627 F.2d 631, 634 (2d Cir. 1980). "A 'presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.'" Wal-Mart Stores, Inc. v. Visa U.S.A. Inc., 396 F.3d 96, 117 (2d Cir. 2005), quoting Manual for Complex Litigation, § 30.42 (3rd ed. 1995).

The principal aspects of the settlement were reached after motion practice, the exchange of discovery, and a six-month period of negotiation.  During this time, defendants took the deposition of the named plaintiff, defendants produced data and other information for the proposed classes, and counsel for the parties participated in an in-person settlement conference.[5]  The

---

[5] Although counsel's declaration indicates that they attended two in-person settlement conferences, my records indicate that I held only one settlement conference with the parties in this case.

15

parties were represented by capable counsel, all of whom have experience in employment litigation (Ambinder Decl. ¶¶ 20-22).

In addition to the presumption of fairness that results from the manner in which the settlement was reached, the factors identified in City of Detroit v. Grinnell Corp., 495 F.2d 448, 463 (2d Cir. 1974), abrogated on other grounds by Goldberg v. Integrated Res., Inc., 209 F.3d 43 (2d Cir. 2000),[6] to the extent they are relevant at the preliminary stage, are relevant to the determination of whether preliminary approval is warranted.  As explained below, plaintiffs have demonstrated that all but two of the relevant Grinnell factors favor granting preliminary approval of the settlement.  The application for preliminary approval of

---

[6] The Grinnell factors include:

> (1) the complexity, expense and likely duration of the litigation, (2) the reaction of the class to the settlement, (3) the stage of the proceedings and the amount of discovery completed, (4) the risks of establishing liability, (5) the risks of establishing damages, (6) the risks of maintaining the class action through the trial, (7) the ability of the defendants to withstand a greater judgment, (8) the range of reasonableness of the settlement fund in light of the best possible recovery and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

City of Detroit v. Grinnell Corp., supra, 495 F.2d at 463 (internal citations omitted).

16

the settlement is therefore denied without prejudice to renewal upon a showing to satisfy <u>Grinnell</u> factors eight and nine.

      1.   The Complexity, Expense and
          <u>Likely Duration of the Litigation</u>

This factor favors approval because litigation would likely be lengthy, expensive and require extensive discovery and briefing because the parties would, no doubt, dispute liability, the damages owed and the appropriateness of class certification. In addition, given the disputed legal issues, the number of potential class members and the amount of money involved, any trial would be fact-intensive and an appeal would probably be taken regardless of the outcome of a trial or dispositive motion.

      2.   The Stage of the Proceedings and
          <u>the Amount of Discovery Completed</u>

The litigation has progressed significantly to this point and at the time the settlement was reached, both sides were sufficiently familiar with the facts to make an intelligent decision with regard to the merits of the case.  Counsel investigated the merits of potential claims and defenses, interviewed plaintiffs, early opt-in plaintiffs and other former interns and obtained relevant documents from defendants (Pl. Mem. in Support at 9).  Defendants deposed the named plaintiff and interviewed

and/or obtained affidavits from multiple class members in connec-
tion with the motion for conditional certification of the FLSA
collective (Pl. Mem. in Support at 1, 9; Ambinder Decl. ¶ 30).
Following Judge Furman's decision on the motion for conditional
certification, the parties engaged in several months of negotia-
tions and attended a settlement conference before me before
agreeing to a comprehensive settlement.  The fact that the
settlement was reached after the litigation had reached an
advanced stage favors preliminary approval.

> 3.  The Risks of Establishing
>     Liability and Damages

"Litigation inherently involves risks," with respect to
both liability and damages.  In re PaineWebber Ltd. P'ships
Litig., 171 F.R.D. 104, 126 (S.D.N.Y. 1997) (Stein, D.J.), aff'd,
117 F.3d 721 (2d Cir. 1997) (per curiam), citing In re Ira Haupt
& Co., 304 F. Supp. 917, 934 (S.D.N.Y. 1969) (Motley, D.J.) ("If
settlement has any purpose at all, it is to avoid a trial on the
merits because of the uncertainty of the outcome.").  Here, the
claims and defenses are fact-intensive and present risks, includ-
ing the potential inability to prove the number of regular and
overtime hours worked and overcoming the potential argument that
class certification or conditional certification of a collective

are not appropriate.  In addition, collection of a judgment could take years and require significant discovery and expense.  The risks are especially high here, given that Judge Furman denied the initial motion for conditional certification of the FLSA collective action due to a failure to make a showing that the "interns were subject to a common policy or plan that violated the law."  See Fraticelli v. MSG Holdings, L.P., supra, 2014 WL 1807105 at *2.  Given these obstacles and the risks of adjudicating these unsettled issues, the fourth and fifth Grinnell factors support preliminary approval.

            4.   The Risks of Maintaining
                 the Class Action through Trial

        The risk of maintaining collective and class certification throughout trial also weighs in favor of preliminary approval.  A contested motion for certification would likely require extensive discovery and briefing, and, if granted, could potentially result in an interlocutory appeal pursuant to Fed.R.Civ.P. 23(f) or a motion to decertify by defendants, requiring additional briefing.  The parties have also indicated that if the case continues, cross-motions for summary judgment would be filed (Pl. Mem. in Support at 8).  As plaintiffs point out there is risk because Judge Furman denied collective certifi-

cation, and as discussed above, there is recent precedent in this Circuit that may make it more difficult for the matter to proceed as a class action.  See Glatt v. Fox Searchlight Pictures, Inc., supra, 791 F.3d 376; Xuedan Wang v. Hearst Corp., supra, 617 F. App'x 35; Fraticelli v. MSG Holdings, L.P., supra, 2014 WL 1807105.  "Settlement eliminates the risk, expense, and delay inherent in the litigation process."  Sukhnandan v. Royal Health Care of Long Island LLC, 12 Civ. 4216 (RLE), 2014 WL 3778173 at *7 (S.D.N.Y. July 31, 2014) (Ellis, M.J.).

> 5.   The Ability of the Defendants
>      to Withstand a Greater Judgment

Plaintiffs state that it is unclear whether defendants could withstand a greater judgment (Pls. Mem. at 10-11).  They correctly point out that this fact, by itself, does not render the proposed settlement unfair.  In re Austrian & German Bank Holocaust Litig., 80 F. Supp. 2d 164, 178 n.9 (S.D.N.Y. 2000) (Kram, D.J.), aff'd sub nom., D'Amato v. Deutsche Bank, 236 F.3d 78 (2d Cir. 2001); accord Frank v. Eastman Kodak Co., 228 F.R.D. 174, 186 (W.D.N.Y. 2005).  At best, this factor is neutral and does not preclude preliminary approval.

6.   The Range of Reasonableness of the
     Settlement Fund in Light of the
     Best Possible Recovery and in Light
     of All the Attendant Risks of Litigation

"'[T]here is a range of reasonableness with respect to a settlement -- a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion.'"  Frank v. Eastman Kodak Co., supra, 228 F.R.D. at 186, quoting Newman v. Stein, 464 F.2d 689, 693 (2d Cir. 1972).  The inquiry with respect to this factor is to "see whether the settlement 'falls below the lowest point in the range of reasonableness.'"  In re Gache, 164 F.3d 617 (table), 1998 WL 646756 at *1 (text) (2d Cir. 1998) (summary order), quoting Newman v. Stein, supra, 464 F.2d at 693.  "Moreover, when a settlement assures immediate payment of substantial amounts to class members, even if it means sacrificing speculative payment of a hypothetically larger amount years down the road, settlement is reasonable under this factor."  Massiah v. Health Plan, Inc., 11 Civ. 05669 (BMC), 2012 WL 5874655 at *5 (E.D.N.Y. Nov. 20, 2012) (internal quotation marks and citation omitted).

Plaintiffs have not made a sufficient showing concerning these factors and offer only conclusory and unsupported statements to demonstrate that the settlement is reasonable.

21

Plaintiffs state that defendants have agreed to settle for a "substantial sum" which represents "substantial value given the attendant risks of litigation; "the settlement provides much more than 'a fraction of the potential recovery,'"; and "[e]ach Participating Class Member will receive a substantial proportion of the wages they are allegedly owed" (Pls. Mem. At 11-12). Plaintiffs do not explain how the settlement value is substantial -- whether in comparison to some other value or standing on its own.  In addition, the statement "the settlement provides much more than 'a fraction of the potential recovery'" cannot be correct.  Unless plaintiffs are receiving 100% of their potential recovery, they are necessarily receiving a fraction of their potential recovery.  The critical question here is the size of the fraction.  Oddly, plaintiffs have not provided any numerical comparison of what the plaintiffs would recover if they prevailed at trial and the benefits the settlement provides.  Thus, because I cannot determine whether the settlement is indeed reasonable on the current record, plaintiffs have failed to demonstrate that the eighth and ninth <u>Grinnell</u> factors weigh in favor of prelimi-nary approval.

8.   Summary

Because the plaintiffs have failed to demonstrate that all of the relevant factors demonstrate the reasonableness of the settlement, I find that the proposed settlement does not warrant preliminary approval at this time.  The motion is denied without prejudice; plaintiffs may renew the motion for approval of the settlement.  Any renewed motion need only address the deficiencies identified above.

C.  Conditional Certification
    of the New York Class

"Before certification is proper for any purpose -- settlement, litigation, or otherwise -- a court must ensure that the requirements of Rule 23(a) and (b) have been met."  Denney v. Deutsche Bank AG, 443 F.3d 253, 270 (2d Cir. 2006); accord Cohen v. J.P. Morgan Chase & Co., 262 F.R.D. 153, 157-58 (E.D.N.Y. 2009); Bourlas v. Davis Law Assocs., 237 F.R.D. 345, 349 (E.D.N.Y. 2006).

Class certification under Rule 23(a) requires that

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims . . . of the representative parties are typical of the claims . . . of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a).

If each of these four threshold requirements are met, class certification is appropriate if the action also satisfies one of the three alternative criteria set forth in Rule 23(b). Plaintiffs argue that class certification is proper under Rule 23(b)(3), which provides that a class action may be maintained where:

> the questions of law or fact common to class members predominate over any questions affecting only individual members, and [where] a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

The party seeking class certification bears the burden of establishing each of these elements by a "preponderance of the evidence." Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc., 546 F.3d 196, 202 (2d Cir. 2008); see Amchem Prods., Inc. v. Windsor, supra, 521 U.S. at 614; Fedotov v. Peter T. Roach & Assocs., P.C., 354 F. Supp. 2d 471, 478 (S.D.N.Y. 2005) (Haight, D.J.). Although the Court of Appeals for the Second Circuit has "directed district courts to apply Rule 23 according to a liberal rather than a restrictive interpretation," In re NASDAQ Mkt.-Makers Antitrust Litig., 169 F.R.D. 493, 504 (S.D.N.Y. 1996) (Sweet, D.J.), citing Korn v. Franchard Corp., 456 F.2d 1206, 1208-09 (2d Cir. 1972) and Green v. Wolf Corp., 406 F.2d 291, 298, 301 (2d Cir. 1968), class certification should

not be granted unless, after a "'rigorous analysis,'" the court is satisfied that Rule 23's requirements have been met.  Spagnola v. Chubb Corp., 264 F.R.D. 76, 92 (S.D.N.Y. 2010) (Baer, D.J.), quoting In re Initial Pub. Offerings Sec. Litig., 471 F.3d 24, 33 (2d Cir. 2006).  Doubts concerning the propriety of class certification should be resolved in favor of class certification.  See Levitt v. J.P. Morgan Sec., Inc., 710 F.3d 454, 464 (2d Cir. 2013) (on appellate review, less deference is given to decisions denying class certification than to decisions granting certification).

Although I already stated that I am denying preliminary approval of the settlement and conditional certification of the Rule 23 class and FLSA collective at this time, for the sake of efficiency, I shall address the merits of plaintiffs' motion for conditional certification of the New York class to the extent possible on the current record.  As discussed above, there are deficiencies in plaintiffs' current arguments that, if rectified in a supplemental submission, would probably merit reconsideration of this decision.

### 1. Numerosity

Based on information provided by defendants, plaintiffs' counsel estimates that there are over 1,000 Rule 23 class

25

members (Ambinder Decl. ¶ 9).  This number easily meets the
numerosity requirement.  <u>Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan
Stanley & Co.</u>, 772 F.3d 111, 120 (2d Cir. 2014) ("Numerosity is
presumed for classes larger than forty members."), <u>citing</u> <u>Consol.
Rail Corp. v. Town of Hyde Park</u>, 47 F.3d 473, 483 (2d Cir. 1995).

     2.  <u>Commonality and Typicality</u>

     Rule 23(a) also requires "commonality," <u>i</u>.<u>e</u>., the
existence of questions of law or fact common to the class, and
"typicality," which ensures that "'maintenance of a class action
is economical and [that] the named plaintiff's claim and the
class claims are so interrelated that the interests of the class
members will be fairly and adequately protected in their ab-
sence.'" <u>Marisol A. v. Giuliani</u>, 126 F.3d 372, 376 (2d Cir.
1997) (alteration in original), <u>quoting</u> <u>Gen. Tel. Co. of Sw. v.
Falcon</u>, 457 U.S. 147, 157 n.13 (1982).  "The commonality and
typicality requirements often 'tend to merge into one another, so
that similar considerations animate analysis' of both." <u>Brown v.
Kelly</u>, 609 F.3d 467, 475 (2d Cir. 2010), <u>quoting</u> <u>Marisol A. v.
Giuliani</u>, <u>supra</u>, 126 F.3d at 376.

     As discussed above, plaintiffs are to provide a supple-
mental submission on the issues of commonality and typicality in
light of Judge Furman's decision and the Court of Appeals deci-

26

sions in Glatt v. Fox Searchlight Pictures, Inc., supra, 791 F.3d
376, and Xuedan Wang v. Hearst Corp., supra, 617 F. App'x 35.

     3.  Adequacy

     Pursuant to Rule 23(a)'s final requirement, "the named
plaintiffs must 'possess the same interest[s] and suffer the same
injur[ies] as the class members.'"  In re Literary Works in Elec.
Databases Copyright Litig., 654 F.3d 242, 249 (2d Cir. 2011)
(alterations in original), quoting Amchem Prods., Inc. v. Wind-
sor, supra, 521 U.S. at 625-26.  "'Adequacy is twofold:  the
proposed class representative must have an interest in vigorously
pursuing the claims of the class, and must have no interests
antagonistic to the interests of other class members.'"  In re
Literary Works in Elec. Databases Copyright Litig., supra, 654
F.3d at 249, quoting Denney v. Deutsche Bank AG, supra, 443 F.3d
at 268.

     Although plaintiffs do not address this factor in their
papers, it is apparent that the named plaintiff, like the class
members, worked for defendant and alleges he was misclassified
and is owed unpaid overtime compensation.  In addition, there is
no evidence or reason to believe that there is any conflict of
interest between the named plaintiffs and the other members of
the class.  Accordingly, the adequacy requirement is satisfied.

5.  Rule 23(b)(3)'s
    Requirements

Rule 23(b)(3) requires that a plaintiff seeking to represent a class establish "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed.R.Civ.P. 23(b)(3).

a.  Predominance

As discussed above, plaintiffs must provide a supplemental submission on the issue of predominance in light of Judge Furman's decision and the Court of Appeals decisions in Glatt v. Fox Searchlight Pictures, Inc., supra, 791 F.3d 376, and Xuedan Wang v. Hearst Corp., supra, 617 F. App'x 35.

b.  Superiority

Rule 23(b)(3) also requires plaintiffs to demonstrate that class-wide adjudication is "superior to other available methods for fairly and efficiently adjudicating the controversy." In making this determination, the court must balance "the advantages of a class action against those of alternative available

28

methods of adjudication."  In re MF Glob. Holdings Ltd. Inv.
Litig., 11 Civ. 7866 (VM), 2015 WL 6107843 at *9 (S.D.N.Y. Oct.
14, 2015) (Marrero, D.J.).  Rule 23(b)(3) sets forth four non-
exhaustive factors relevant to the superiority inquiry:  "the
class members' interests in individually controlling the prosecu-
tion . . . of separate actions," "the extent and nature of any
litigation concerning the controversy already begun by . . .
class members," "the desirability or undesirability of concen-
trating the litigation of the claims in the particular forum" and
"the likely difficulties in managing a class action."
Fed.R.Civ.P. 23(b)(3)(A)-(D).

First, litigation by way of a class action would be
more economically sensible due to plaintiffs' limited financial
resources and the relatively modest size of any individual's
claim.  The apparent absence[7] of any individual actions asserting
the same claims implies that the class members have little
interest, if any, in prosecuting and controlling individual
actions.  A class action would be the most practical, efficient
and economical means by which class members would prosecute their
claims.  See Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D.
363, 373 (S.D.N.Y. 2007) (McMahon, D.J.); McBean v. City of New

---

[7] Neither side has identified individual actions against
defendants asserting the same claims that are asserted here.

29

<u>York</u>, 228 F.R.D. 487, 503 (S.D.N.Y. 2005) (Lynch, then D.J., now
Cir. J.).   Further, the parties spent a significant amount of
time litigating this action and negotiating the settlement, and
it is an efficient use of judicial resources to rely on that
record to resolve the claims of a class (Ambinder Decl. ¶ 30).
Second, neither party has identified any pending litigation
brought by other class members concerning this controversy.
Third, concentrating the litigation in this district would be
appropriate as a significant number of potential class members
worked for defendants in New York (Ambinder Decl. ¶ 9).   Finally,
class adjudication as opposed to multiple individual actions,
potentially in multiple jurisdictions, will conserve judicial
resources and provide a fair and consistent outcome.   <u>See</u> <u>Murphy
v. LaJaunie</u>, 13 Civ. 6503 (RJS), 2015 WL 4528140 at *7 (S.D.N.Y.
July 24, 2015) (Sullivan, D.J.).   Assuming plaintiffs will
demonstrate that the other factors are met in a supplemental
submission, the superiority requirement is satisfied.

    D.   Adequacy of the Class
       <u>and FLSA Collective Notice</u>

    Plaintiffs' counsel also seeks approval and an order
directing distribution of a revised "Notice of Proposed Class and
Collective Action Lawsuit Settlement and Fairness Hearing"

30

("Revised Proposed Notice") (Exhibit to Parties 12/23/2014
Letter).  The parties submitted the Revised Proposed Notice
following my issuance of an order pointing out deficiencies in
the original proposed notice (Order, dated Dec. 11, 2014 (D.I.
69) ("December 11, 2014 Order").  I have reviewed the Revised
Proposed Notice and find that the parties have rectified the
deficiencies in the original notice.  If plaintiffs are able to
demonstrate that preliminary certification of the class as
currently defined is warranted in a renewed motion, I shall
approve the proposed notice as satisfying Fed.R.Civ.P.
23(c)(2)(B).

        Plaintiffs have also satisfactorily revised the portion
of the Revised Proposed Notice notifying potential opt-in plain-
tiffs of the FLSA collective action in accordance with my Decem-
ber 11, 2014 Order.  However, plaintiffs have not addressed
whether an order authorizing FLSA collective action notice is
warranted under the law.  As noted above, plaintiffs should
submit a renewed motion for conditional certification in light of
Judge Furman's May 2014 decision and the Court of Appeals recent
decisions in Glatt v. Fox Searchlight Pictures, Inc., supra, 791
F.3d 376, and Xuedan Wang v. Hearst Corp., supra, 617 F. App'x
35.

31

E.   Appointment
     of Class Counsel

         I appoint the firms of Virginia & Ambinder, LLP and

Leeds Brown Law, P.C. as class counsel.  These firms routinely

represent plaintiffs in employment litigation in this District

and have appeared in many FLSA and state labor law cases

(Ambinder Decl. ¶¶ 19-22 (listing representations in federal and

state court).  See Tart v. Lions Gate Entm't Corp., supra, 2015

WL 5945846 at *5 ("Virginia & Ambinder, LLP and Leeds Brown Law,

P.C. have extensive experience in labor law class actions").

         Based on the firms' performance before me in this case

and their work in other cases in this District, I have no ques-

tion that if the class is certified they will prosecute the

interests of the class vigorously.

F.   Summary

         Accordingly, for all the above reasons, I grant the

motion to appoint class counsel and deny conditional certifica-

tion pursuant to Rule 23(a) and (b)(3) and conditional certifica-

tion of the FLSA collective action without prejudice.  Plaintiffs

may renew these motions in a supplemental submission that ad-

dresses the deficiencies identified above.

IV.   Conclusion

Accordingly, for all the foregoing reasons, Plaintiffs' motion for appointment of class counsel is granted and the remaining motions are denied without prejudice.

Dated:   New York, New York
         December 10, 2015

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Lloyd R. Ambinder, Esq
Charles R. Virginia, Esq.
Virginia & Ambinder, LLP
7th Floor
40 Broad Street
New York, New York   10004

Daniel H. Markowitz, Esq.
Jeffrey K. Brown, Esq.
Leeds Morelli & Brown
Suite 347
1 Old Country Road
Carle Place, New York   11514

Ira G. Rosenstein, Esq.
Sam S. Shaulson, Esq.
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York   10178