```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
```

| | |
|---|---|
| CHRISTOPHER FRATICELLI,<br>individually and on behalf<br>of other persons similarly<br>situated who were employed<br>by MSG HOLDINGS, L.P. and<br>THE MADISON SQUARE GARDEN<br>COMPANY and/or any other<br>entities affiliated with<br>or controlled by MSG HOLDINGS,<br>L.P. and THE MADISON SQUARE<br>GARDEN COMPANY, | :<br><br>:<br><br><br>:<br><br>:<br><br>:<br><br>: |

right column:

13 Civ. 6518 (HBP)

OPINION
AND ORDER

                    Plaintiff,    :

     -against-                    :

MSG HOLDINGS, L.P. and THE        :
MADISON SQUARE GARDEN COMPANY,
and/or any other entities         :
affiliated with or controlled
by MSG HOLDINGS, L.P. and THE     :
MADISON SQUARE GARDEN COMPANY,
                                  :
                    Defendants.
                                  :
-----------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/2/18
```

PITMAN, United States Magistrate Judge:

## I. Introduction

Plaintiffs bring this collective and putative class action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Law ("NYLL") Sections 650 et seq., NYLL Sections 190 et seq., and Title 12 of the New York Codes, Rules and Regulations, Section 142-2.1, to recover unpaid

minimum and overtime wages. The parties have consented to my
exercising plenary jurisdiction to resolve the motions for
preliminary and final settlement approval, including entering
final judgment in accordance with the settlement, pursuant to 28
U.S.C. § 636(c) and Fed.R.Civ.P. 73.

Plaintiffs move for (1) conditional certification of
the collective pursuant to 29 U.S.C. § 216(b); (2) conditional
certification of a class of interns who worked for defendants in
New York from September 16, 2007 through the date of the prelimi-
nary approval order pursuant to Fed.R.Civ.P. 23(a) and (b)(3) and
(3) preliminary approval of the parties' proposed settlement
agreement (Plaintiff's Supplemental Brief in Support of Motion
for Preliminary Approval of the Proposed Settlement, dated Oct.
13, 2017 (Docket Item ("D.I.") 73) ("Pl. Supp. Br.")). For the
reasons set forth below, conditional certification of the collec-
tive and the class is denied. I do not reach the merits of the
proposed settlement at this time.

II.  Facts and
     Procedural History[1]

          Plaintiffs worked for defendants as unpaid interns in
various departments and allege that they were uniformly
misclassified by defendants as exempt from the federal and state
minimum wage and overtime requirements (Class Action Complaint
(D.I. 1) ("Complaint") ¶¶ 22-24; Declaration of Lloyd Ambinder in
Support of Plaintiff's Motion, dated Nov. 17, 2014 (D.I. 67)
("Ambinder Decl.") ¶¶ 3, 10-12).  Plaintiffs seek to recover,
among other things, unpaid wages, attorney's fees and liquidated
damages pursuant to the FLSA and NYLL (Complaint ¶¶ 49, 66, 88).

          Plaintiffs moved on March 10, 2014 for conditional
certification of the FLSA collective pursuant to 29 U.S.C. §
216(b) and court authorization to send notices to potential opt-
ins.  The motion was vigorously contested, and both sides submit-
ted briefs and affidavits from individuals who would be eligible
to opt in to a collective action.[2]  In a decision issued on May

---

[1]The factual and procedural background of this action is set
forth in my previous denial of plaintiffs' motion for preliminary
settlement approval and conditional class certification.  See
Fraticelli v. MSG Holdings, L.P., 13 Civ. 6518 (HBP), 2015 WL
8491038 (S.D.N.Y. Dec. 10, 2015).  The reader's familiarity with
that Opinion is presumed.  I shall set out any additional facts
to the extent they are pertinent to the legal analysis.

[2]See Notice of Motion to Certify Class Conditionally, dated
Mar. 10, 2014 (D.I. 29); Memorandum of Law in Support of
(continued...)

3

7, 2014, the Honorable Jesse M. Furman, United States District Judge, denied plaintiffs' motion for conditional certification of the FLSA collective and for approval of the collective action notice. Fraticelli v. MSG Holdings, L.P., 13 Civ. 6518 (JMF), 2014 WL 1807105 (S.D.N.Y. May 7, 2014).

The parties thereafter engaged in settlement negotiations for several months and eventually reached a settlement. On December 1, 2014, plaintiffs moved for (1) preliminary approval of the parties' proposed settlement agreement; (2) conditional certification pursuant to Rule 23(a) and (b)(3) of a class comprised of interns who worked for defendants in New York from September 16, 2007 through the date of the preliminary approval order; (3) appointment of Virginia & Ambinder, LLP and Leeds Brown Law, P.C. as class counsel; (4) approval of a proposed

$^{2}$(...continued)
Plaintiffs' Motion for Court Authorized Notification to the Collective, dated Mar. 10, 2014 (D.I. 30) ("Pl. Initial Mem."); Declaration of Christopher Fraticelli, dated Jan. 27, 2014 (D.I. 33) ("Fraticelli Decl."); Declaration of Oritt Blum, dated Mar. 5, 2014 (D.I. 34) ("Blum Decl."); Declaration of Fernando Herrera, dated Mar. 6, 2014 (D.I. 35) ("Herrera Decl."); Declaration of Scott Winter, dated Mar. 6, 2014 (D.I. 36) ("Winter Decl."); Memorandum of Law in Opposition to Plaintiffs' Motion for Court Authorized Notification and Conditional Certification, dated Mar. 31, 2014 (D.I. 41); Declaration of Samuel S. Shaulson, dated Mar. 31, 2014 (D.I. 42) "Shaulson Decl."); Declaration of Lloyd R. Ambinder, dated Apr. 7, 2014 (D.I. 44) "Ambinder Decl."); Reply Memorandum of Law in Further Support of Plaintiffs' Motion for Court Authorized Notification to the Collective, dated Apr. 7, 2014 (D.I. 45).

4

notice of (a) class action settlement, (b) collective action settlement and (c) fairness hearing and (5) an order directing the distribution of the proposed notice.[3] Defendants did not oppose this motion. In their submission, plaintiffs set forth the terms of the proposed settlement, but did not submit any factual or legal arguments explaining why the court should conditionally certify the class under Rule 23.

I denied plaintiffs' motion without prejudice and instructed plaintiffs to provide me with supplemental briefing on (1) whether the eighth and ninth factors under City of Detroit v. Grinnell Corp., 495 F.2d 448, 463 (2d Cir. 1974), abrogated on other grounds by Goldberger v. Integrated Res., Inc., 209 F.3d 43 (2d Cir. 2000), weigh in favor of preliminary approval of the settlement agreement and (2) whether conditional certification of the New York class of interns under Rule 23 is proper given the earlier denial of conditional certification of the Section 216(b) collective by Judge Furman and the subsequent United States Court of Appeals for the Second Circuit decisions in Glatt v. Fox Searchlight Pictures, Inc., 791 F.3d 376 (2d Cir. 2015), opinion

---

[3]See Notice of Motion for Preliminary Approval of Proposed Settlement, for Appointment of Class Counsel, and for Approval of Proposed Notice, dated Nov. 17, 2014 (D.I. 64); Memorandum of Law in Support of Plaintiff's Motion, dated Dec. 1, 2014 (D.I. 68) ("Pl. Memo.")

amended and superseded, 811 F.3d 528 (2d Cir. 2016), and Xuedan

Wang v. Hearst Corp., 617 F. App'x 35 (2d Cir. 2015) (summary

order). See Fraticelli v. MSG Holdings, L.P., supra, 2015 WL

8491038. The plaintiffs submitted this supplemental motion on

October 13, 2017 (Pl. Supp. Br.).

III. Analysis

A. Applicable Legal Principles

     1. Legal Principles Applicable to
       Section 216(b) Conditional Certification

Although the FLSA does not contain a certification

requirement similar to Fed.R.Civ.P. 23, a district court has the

discretionary power to certify a collective action to facilitate

notice to potential opt-in plaintiffs. Myers v. Hertz Corp., 624

F.3d 537, 555 n.10 (2d Cir. 2010); Braunstein v. E. Photographic

Labs., Inc., 600 F.2d 335, 335-36 (2d Cir. 1978) (per curiam);

see also Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 169

(1989).

The Second Circuit has approved a two-step process to

determine whether it is appropriate to certify a collective

action. Myers v. Hertz Corp., supra, 624 F.3d at 555.

> The first step involves the court making an initial
> determination to send notice to potential opt-in plain-

tiffs who may be "similarly situated" to the named
plaintiffs with respect to whether a FLSA violation has
occurred. See, e.g., Morgan v. Family Dollar Stores,
Inc., 551 F.3d 1233, 1258-62 (11th Cir. 2008); Damassia
v. Duane Reade, Inc., No. 04 Civ. 8819, 2006 WL
2853971, at *3 (S.D.N.Y. Oct. 5, 2006) (Lynch, J.);
Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261
(S.D.N.Y. 1997) (Sotomayor, J.). The court may send
this notice after plaintiffs make a "modest factual
showing" that they and potential opt-in plaintiffs
"together were victims of a common policy or plan that
violated the law." [Hoffman v.] Sbarro, [supra,] 982
F. Supp. at 261. . . . The "modest factual showing"
cannot be satisfied simply by "unsupported assertions,"
Dybach v. State of Fla. Dep't of Corrections, 942 F.2d
1562, 1567 (11th Cir. 1991), but it should remain a low
standard of proof because the purpose of this first
stage is merely to determine whether "similarly situ-
ated" plaintiffs do in fact exist, see [Hoffman v.]
Sbarro, [supra,] 982 F. Supp. at 261. At the second
stage, the district court will, on a fuller record,
determine whether a so-called "collective action" may
go forward by determining whether the plaintiffs who
have opted in are in fact "similarly situated" to the
named plaintiffs. The action may be "de-certified" if
the record reveals that they are not, and the opt-in
plaintiffs' claims may be dismissed without prejudice.
See, e.g., [Morgan v.] Family Dollar [Stores, Inc.],
[supra,] 551 F.3d at 1261; Hipp [v. Liberty Nat'l Life
Ins. Co.,] 252 F.3d [1208, 1218 (11th Cir. 2001) (per
curiam)].

Myers v. Hertz Corp., supra, 624 F.3d at 555.

Typically a court looks to the pleadings and any

supporting affidavits at the first step to determine whether the

named plaintiff has made the modest factual showing that he is

similarly situated to any potential opt-in plaintiffs with

respect to the unlawful practice. See Lee v. ABC Carpet & Home,

236 F.R.D. 193, 197 (S.D.N.Y. 2006) (Batts, D.J.); Hoffmann v.

Sbarro, Inc., 982 F. Supp. 249, 262-63 (S.D.N.Y. 1997)
(Sotomayor, then D.J., now Sup. Ct. J.). "[P]laintiffs may
satisfy their 'minimal' burden by relying on their own pleadings
and affidavits, or the affidavits of other potential class
members." Diaz v. S & H Bondi's Dep't Store, Inc., 10 Civ. 7676
(PGG), 2012 WL 137460 at *3 (S.D.N.Y. Jan. 18, 2012) (Gardephe,
D.J.) (citation omitted). However, although the standard of
proof at the first step is low, it "cannot be satisfied simply by
unsupported assertions." Cunningham v. Elec. Data Sys. Corp.,
754 F. Supp. 2d 638, 644 (S.D.N.Y. 2010) (Holwell, D.J.), citing
Myers v. Hertz Corp., supra, 624 F.3d at 555.

> ### 2. Legal Principles Applicable to
> ### Certification of a Rule 23 Class

"Before [class] certification is proper for any purpose
-- settlement, litigation, or otherwise -- a court must ensure
that the requirements of Rule 23(a) and (b) have been met."
Denney v. Deutsche Bank AG, 443 F.3d 253, 270 (2d Cir. 2006);
accord Manley v. Midan Rest. Inc., 14 Civ. 1693 (HBP), 2016 WL
1274577 at *3 (S.D.N.Y. Mar. 30, 2016); Long v. HSBC USA Inc., 14
Civ. 6233 (HBP), 2015 WL 5444651 at *5 (S.D.N.Y. Sept. 11, 2015);
Cohen v. J.P. Morgan Chase & Co., 262 F.R.D. 153, 157-58
(E.D.N.Y. 2009).

8

Class certification under Rule 23(a) requires that
(1) the class is so numerous that joinder of all mem-
bers is impracticable; (2) there are questions of law
or fact common to the class; (3) the claims . . . of
the representative parties are typical of the claims .
. . of the class; and (4) the representative parties
will fairly and adequately protect the interests of the
class.

If each of these four threshold requirements are
met, class certification is appropriate if the action
also satisfies one of the three alternative criteria
set forth in Rule 23(b).

Long v. HSBC USA Inc., supra, 2015 WL 5444651 at *5; accord

Manley v. Midan Rest. Inc., supra, 2016 WL 1274577 at *3;

Lizondro-Garcia v. Kefi LLC, 300 F.R.D. 169, 174 (S.D.N.Y. 2014).

Plaintiffs here claim that class certification is proper under

Rule 23(b)(3), which provides that a class action may be main-

tained where

the questions of law or fact common to class members
predominate over any questions affecting only individ-
ual members, and . . . a class action is superior to
other available methods for fairly and efficiently
adjudicating the controversy.

The party seeking class certification bears the burden

of establishing each of these elements by a "preponderance of the

evidence." Teamsters Local 445 Freight Div. Pension Fund v.

Bombardier Inc., 546 F.3d 196, 202 (2d Cir. 2008); accord Amchem

Prods., Inc. v. Windsor, 521 U.S. 591, 614 (1997); Fedotov v.

Peter T. Roach & Assocs., P.C., 354 F. Supp. 2d 471, 478

(S.D.N.Y. 2005) (Haight, D.J.). Class certification should not

be granted unless, after a "rigorous analysis," the court is satisfied that Rule 23's requirements have been met. In re Initial Pub. Offerings Sec. Litig., 471 F.3d 24, 33 (2d Cir. 2006); accord Spagnola v. Chubb Corp., 264 F.R.D. 76, 92 (S.D.N.Y. 2010) (Baer, D.J.).

Although the existence of a settlement is relevant to a motion for class certification, the existence of a settlement does not mandate certification. When a putative class action settles a class-wide basis, a defendant is frequently eager to see class certification granted; except for opt outs, which are usually few, certification of the class protects the defendant from follow-on litigation. See generally Fujiwara v. Sushi Yasuda, Ltd., 58 F. Supp. 3d 424, 429 (S.D.N.Y. 2014) (Pauley, D.J.) ("When cases settle, the adversarial process melts away." (inner quotations and citations omitted)). Thus, the Supreme Court has cautioned that:

> Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, see Fed. Rule Civ. Proc. 23(b)(3)(D), for the proposal is that there be no trial. But other specifications of the Rule -- those designed to protect absentees by blocking unwarranted or overbroad class definitions -- demand undiluted, even heightened, attention in the settlement context. Such attention is of vital importance, for a court asked to certify a settlement class will lack the opportunity, present when a case is litigated, to

> adjust the class, informed by the proceedings as they
> unfold.

Amchem Prods., Inc. v. Windsor, supra, 521 U.S. at 620 (emphasis
added); accord In re Literary Works in Electronic Databases
Copyright Litig., 654 F.3d 242, 249 (2d Cir. 2011); Kelen v.
World Fin. Network Nat'l Bank, 302 F.R.D. 56, 64 (S.D.N.Y. 2014)
(Broderick, D.J.); In re Epehedra Prods. Liab. Litig., 231 F.R.D.
167, 170 (S.D.N.Y. 2005) (Rakoff, D.J.). The requirements of
Rule 23(a) and (b) "should not be watered down by virtue of the
fact that the settlement is fair or equitable." Denney v.
Deutsche Bank AG, supra, 443 F.3d at 270. Accordingly, "[b]efore
approving a class settlement agreement, a district court must
first determine whether the requirements for class certification
in Rule 23(a) and (b) have been satisfied." In re American Int'l
Group. Inc., Sec. Litig., 689 F.3d 289, 238 (2d Cir. 2012);
accord Reade-Alvarez v. Eltman, Eltman & Cooper, P.C., 237 F.R.D.
26, 31 (E.D.N.Y. 2006).

B. Application of
   Law to Facts

     Plaintiffs' application must be denied because plain-
tiffs have not shown that the matter is appropriate for condi-
tional certification pursuant either Section 216(b) or
Fed.R.Civ.P. 23.

11

1. Judge Furman's
           Denial of 216(b)
           Conditional Certification

        On May 7, 2014, Judge Furman denied plaintiffs' motion

for conditional certification of a Section 216(b) collective,

concluding that plaintiffs had failed to make the "'modest

factual showing' that they and 'potential opt-in plaintiffs

together were victims of a common policy or plan that violated

the law.'" Fraticelli v. MSG Holdings, L.P., supra, 2014 WL

1807105 at *1, quoting Myers v. Hertz Corp., supra, 624 F.3d at

555.

        After noting that the standard for 216(b) conditional

certification was not demanding,[4] Judge Furman stated that plain-

tiffs, nevertheless, had to show more than the simple fact that

they were classified as unpaid interns.  2014 WL 1807105 at *1.

Rather, to warrant conditional certification, plaintiffs had to

show that members of the collective were subject to a common

policy that violated the law.

_____

        [4]"The modest factual showing [required for conditional
certification] is very low and 'considerably less stringent than
the requirements for class certification under Rule 23.'"
Jackson v. Bloomberg, L.P., 298 F.R.D. 152, 158-59 (S.D.N.Y.
2014) (Oetken, D.J.), quoting Poplawski v. Metroplex on the Atl.,
LLC, 11-CV-3765, 2012 WL 1107711 at *3 (E.D.N.Y. Apr. 2, 2012).

                              12

Judge Furman then went on to explain that determining whether an intern was mis-classified as a trainee and was the victim of a policy that violated the law, required analysis of at least the six factors set out in the United States Department of Labor Fact Sheet # 71 (April 2010).[5] Because the experiences of the interns in this matter varied widely, with some interns deriving substantially more educational benefit than others, Judge Furman concluded that plaintiffs had not shown that the interns were the victims of a common policy that violated the law. Judge Furman supported his conclusion by noting that one of the interns in issue worked at a New York Rangers practice facility and spent his time preparing uniforms, tracking inventory and setting up the locker room, all without substantial supervision. In contrast, another intern, who was assigned to an architecture related program, spent his time observing architects working on ongoing projects, attending meetings with consultants

---

[5]The factors set out in the Department of Labor Fact sheet are whether: (1) the internship is similar to training which would be given in an educational environment; (2) the intern is the beneficiary of the internship experience; (3) the intern displaces a regular employee or works under close supervision of existing staff; (4) the putative employer derives any immediate advantage from the intern's activities; (5) the intern is entitled to a job at the conclusion of the internship; and (6) the employer and the intern understand that the intern will not be paid for the time spent in the internship. 2014 WL 1807105 at *2.

13

and clients and taking field and design measurements. 2014 WL
1807105 at *2. The activities of the former intern conferred
substantially less educational benefit than the activities of the
latter intern. In summary, Judge Furman noted that "significant
differences exist among the interns in terms of the activities
they performed . . ., the supervision, training, and benefits
they received . . ., the burdens they imposed on MSG, and the
manner in which they were selected for their positions." 2014 WL
1807105 at *2.

## 2. Glatt and Wang

In 2015, the parties reached a settlement in principle
and sought, among other things, an Order from the undersigned
conditionally certifying a Rule 23 class of interns who worked
for defendants in New York from 2007 through the date of the
preliminary approval order. I denied the application without
prejudice to renewal, finding that the application failed to
address the obstacles to class treatment cited by Judge Furman
and the Court of Appeals' intervening decisions in Glatt v. Fox
Searhlight Pictures, Inc., supra, 791 F.3d 376[6] and Xuedan Wang

---

[6]The Court of Appeals for the Second Circuit issued its
initial decision in Glatt on July 2, 2015. I issued my decision
denying conditional class certification on December 10, 2015 and
(continued...)

14

v. Hearst Corp., supra, 617 F. App'x 35. Fraticelli v. MSG
Holdings, L.P., 13 Civ. 6518 (HBP), 2015 WL 8491038 at *3
(S.D.N.Y. Dec. 10, 2015).

First, I found that plaintiffs had failed to address
differences in the experiences of the putative class members that
Judge Furman found precluded conditional certification under the
less demanding Section 216(b) standard. I then went on to
explain that although Glatt and Xuedan Wang adopted a new test
for assessing whether an intern was an employee -- the primary
beneficiary test[7] -- application of the new test was still a

_____

[6](...continued)
relied on and cited the Circuit's July 2015 decision. On January
25, 2016, the Court of Appeals withdrew its July 2015 decision in
Glatt and issued an amended decision. Glatt v. Fox Searhlight
Pictures, Inc., 811 F.3d 528 (2d Cir. 2016). Because the Court's
amended decision does not alter the rationale for the decision
that I issued in 2015 and because the Court of Appeals' 2015
decision is no longer available on Westlaw, my citations to Glatt
herein are, with one exception, to the 2016 amended decision.

[7]The non-exhaustive list of factors identified in Glatt as
being relevant to determining whether an intern is an employee
include:

> 1. The extent to which the intern and the employer
> clearly understand that there is no expectation of
> compensation. Any promise of compensation, express or
> implied, suggests that the intern is an employee—and
> vice versa.

> 2. The extent to which the internship provides training
> that would be similar to that which would be given in
> an educational environment, including the clinical and
> other hands-on training provided by educational
> institutions.

(continued...)

15

"'highly individualized inquiry'" 2015 WL 8491038 at *4, quoting
Glatt v. Fox Searchlight Pictures, Inc., supra, 791 F.3d at 386.[8]
I noted that mere reliance on a defendant's common practice of
failing to pay interns or its common practice of refusing to
classify interns as employees failed to address the relevant
factors and, therefore, failed to demonstrate that common ques-
tions predominated over individual questions. 2015 WL 8491038 at

[7](...continued)
> 3. The extent to which the internship is tied to the
> intern's formal education program by integrated
> coursework or the receipt of academic credit.
>
> 4. The extent to which the internship accommodates the
> intern's academic commitments by corresponding to the
> academic calendar.
>
> 5. The extent to which the internship's duration is
> limited to the period in which the internship provides
> the intern with beneficial learning.
>
> 6. The extent to which the intern's work complements,
> rather than displaces, the work of paid employees while
> providing significant educational benefits to the
> intern.
>
> 7. The extent to which the intern and the employer
> understand that the internship is conducted without
> entitlement to a paid job at the conclusion of the
> internship.

Glatt v. Fox Searchlight Pictures, Inc., supra, 811 F.3d at
536-37.

[8]The Court of Appeals' 2016 amended decision in Glatt
modified the language quoted in the text and characterized "the
question of an intern's employment status [as] a highly context-
specific inquiry." 811 F.3d at 539.

16

*5, citing Xuedan Wang v. Hearst Corp., supra, 617 F. App'x at
37.[9]

The Circuit's amended decision in Glatt does not
warrant reconsideration of my 2015 decision. Although the
Circuit's amended decision softened the focus of the inquiry on
an intern's individual experience and added language to emphasize
that, in appropriate cases, the primary beneficiary test could be
applied to an internship program:

> [B]ecause the touchstone of th[e] analysis is the
> "economic reality" of the relationship, Barfield, 537
> F.3d at 141, a court may elect in certain circum-

---

[9]As the Court of Appeals explained in Wang:

> On appeal, the plaintiffs contend that Hearst's
> common practices will be decisive of the merits and
> that representative testimony can be used to establish
> those common practices. These arguments are
> unpersuasive. As we have framed the relevant inquiry,
> courts must analyze how the internship was tied to the
> intern's formal education, the extent of the intern's
> training, and whether the intern continued to work
> beyond the period of beneficial learning. See Glatt,
> 791 F.3d at 386. Irrespective of the type of evidence
> used to answer them, these questions are individual in
> nature and will require individual analysis. See id.
> Moreover, the district court correctly recognized that
> interns' experiences varied across the numerous
> departments at each of the 19 magazines Hearst operates
> in New York. Therefore, because of variation in the
> proposed class and the need for individual analysis of
> each intern's situation, common questions do not
> predominate over individual ones.

Xuedan Wang v. Hearst Corp., supra, 617 F. App'x at 37 (emphasis
added).

17

> stances, including cases that can proceed as collective
> actions, to consider evidence about an internship
> program as a whole rather than the experience of a
> specific intern.

Glatt v. Fox Searchlight Pictures, Inc., supra, 811 F.3d at 537.
The Court's endorsement of program-wide assessments of internship
programs "in certain circumstances" did not, however, remotely
suggest that all internship programs could be assessed on a
program-wide basis, nor did it diminish the requirements for
Section 216(b) conditional certification. To warrant conditional
certification of a collective that included all members of an
internship program, "the named plaintiffs [still] had to make a
modest factual showing that they and others together were victims
of a common policy or plan that violated the law." Glatt v. Fox
Searchlight Pictures, Inc., supra, 811 F.3d at 540, citing Myers
v. Hertz Corp., supra, 624 F.3d at 555. Thus, the Glatt court
vacated the District Court's grant of conditional certification,
finding that allegations that the interns were unpaid and that
there was a common policy to replace paid workers with unpaid
interns, without more, were insufficient to meet even the low
threshold for conditional certification. Glatt v. Fox Search-
light Pictures, Inc., supra, 811 F.3d at 540.

       Although the amended decision in Glatt clearly permits
addressing the status of interns on a program-wide basis "in

18

certain circumstances," the present application for conditional and class certification does not remedy the deficiencies previously found by Judge Furman and myself.

Plaintiff's present application is not supported by any affidavits, affirmations or other material of evidentiary weight, and, therefore, the factual record with respect to the experiences of the members of the proposed collective and class remains identical to the record that was before Judge Furman in 2014. That record discloses that between 2007 and 2014, approximately 1600 individuals interned with defendants in more than 100 different departments in New York, New Jersey, Illinois and California (Declaration of Colleen Stratton-Howard, dated Mar. 31, 2014 and annexed as Ex. 2 to Shaulson Decl. (D.I. 42-2) ("Howard Decl.") ¶ 5). Plaintiffs have submitted four declarations from individuals who interned for defendants. These declarants all claim to have done fairly menial work, e.g., tracking inventory, opening packages and organizing their contents, preparing uniforms, monitoring media and summarizing the coverage reported therein, making financial statements adjustments, photocopying and filing (see Fraticelli Decl., Blum Decl., Herrera Decl. and Winter Decl.). Plaintiffs' affiants all claim to have had very little training or oversight from their supervisors.

19

In contrast, defendants have submitted declarations from ten interns who describe substantially different experiences (Shaulson Decl.). For example, a former intern in defendants' media production department, Britni Rosato, states her internship was part-time and required that she had to complete six writing assignments including mid-term and final papers (Declaration of Britni Rosato, dated Mar. 21, 2014 and annexed as Ex. 5 to Shaulson Decl. (D.I. 42-5) ("Rosato Decl.") ¶ 6 ). At the beginning of her internship, she had an orientation session with her supervisor, Bob de Porto, who described the tasks she would be performing at New Jersey Devils hockey games (Rosato Decl. ¶ 4). Among other things, Rosato logged tapes, assisted with interviews, attended pre- and post-production meetings, shadowed employees, assisted in preparing scripts and assisted with camera work and fan interviews (Rosato Decl. ¶¶ 8, 10). Rosato was constantly coached by stage and floor managers on how to perform her tasks and received continual feedback from them (Rosato Decl. ¶ 11). She received training on technical equipment including recording and editing software (Rosato Decl. ¶ 15). Rosato also received training and feedback on presentation, interview and public-speaking skills (Rosato Decl. ¶ 15).

Thus, the evidence in the record still shows that the interns had widely varied experiences and derived differing

levels of educational benefit. In addition, the parties have not rectify the "unsupported and conclusory assertions" that Judge Furman found insufficient to establish common treatment in a manner that violated the law. Because the record was insufficient to warrant conditional certification in 2014, and the record has not changed, it is insufficient to warrant conditional certification now.[10] Plaintiffs assert their allegations of similarity among intern experiences must be taken as true because their current application is unopposed. However, the fact that the present application for conditional certification is unopposed does not change reality and cannot eradicate the differences in the experiences of the interns proffered by plaintiffs and those proffered by defendants.

Plaintiffs contend that Judge Furman's findings are no longer controlling because Glatt and Wang posited a new test for determining whether an intern is an employee. This argument is

_____

[10]Subclasses might eliminate the obstacles to 216(b) or Rule 23 class certification. It may be the case that there was uniformity or substantially similar treatment within each of defendants' departments that had an internship program even if there was no uniformity or substantial similarity across the departments. Conditional certification or Rule 23 class certification of subclasses would require a factual development demonstrating common treatment within a department or some other unit of defendants. The parties have not suggested or offered any evidence demonstrating that plaintiffs could be divided into subclasses.

21

not persuasive. First, although Glatt changed the test for determining when an intern is an employee, the test is still "highly context-specific" -- the issue that was at the heart of Judge Furman's decision. And, as noted above, Glatt expressly reaffirmed the principle that conditional certification of a collective requires a modest showing that the members of the proposed collective were victims of a common policy or plan that violated the law. Glatt v. Fox Searchlight Pictures, Inc., supra, 811 F.3d at 540.

Second, given the differences in the experiences of the interns, application of the Glatt factors to the members of the putative collective or class here would yield varied results. Taking the examples cited by Judge Furman, the training received by the intern assigned to the Rangers' locker room was clearly of less academic value than the training received by the intern assigned to the architecture department (Glatt Factor 2). The work performed by the locker room intern appears to be much less tied to the intern's formal education than the experience of the architecture intern (Glatt Factor 3). It also appears much more likely that the services performed by the locker room intern displaced the work of a paid employee, while the services per-formed by the architecture intern did not (Glatt Factor 6). Thus, at least in this case where there was a wide disparity in

the experiences of the interns, the changed factors do not mitigate the impact of differences in the experiences of members of the proposed collective and the resulting inability to assess the members' status as interns or employees through common proof.

Plaintiffs next argue that Section 216(b) and Rule 23 conditional certification is appropriate here because the standard is lower when conditional certification is sought in connection with a settlement than when it is sought in connection with an action that is being litigated. Some of the cases plaintiffs cite in this regard are not conditional certification decisions, e.g., McMahon v. Olivier Cheng Catering & Events, LLC, 08 Civ. 8713 (PGG), 2010 WL 2399328 (S.D.N.Y. Mar. 3, 2010) (Gardephe, D.J.), and several of them, e.g., Clem v. KeyBank, N.A., 13 Civ. 789 (JCF), 2014 WL 2895918 (S.D.N.Y. June 20, 2014) (Francis M.J.); Flores v. Anjost Corp., 11 Civ. 1531 (AT), 2014 WL 321831 (S.D.N.Y. Jan. 29, 2014) (Torres, D.J.), are actually orders that were drafted by plaintiffs' counsel and issued with minimal, if any, edits. Such orders "should be given little precedential value." Fujiwara v. Sushi Yasuda Ltd., supra, 58 F. Supp. 3d at 436.[11] In any event, plaintiffs vastly overstate the impact of

---

[11]I admit, regretfully, that one of my own prior orders that is cited by plaintiffs falls into this category. Ballinger v. Advance Magazine Publishers, Inc., 13 Civ. 4036 (S.D.N.Y. Aug. (continued...)

23

the settlement on the proposed collective and class certification issues. The Supreme Court and Circuit precedents cited above establish that, other than manageability, the existence of a settlement does not attenuate the requirements for class certification. Moreover, in none of the cases cited by plaintiff was there an earlier finding, as there was here, that the experiences of the members of the putative collective were so varied that the modest threshold for Section 216(b) had not been met. Given Judge Furman's prior decision, granting conditional 216(b) or class certification here, in the absence of additional evidence demonstrating that members of the collective or class were subject to a common policy or plan that violated the law, would effectively mean that the requirements for Section 216(b) and Rule 23 certification evaporate when there is a settlement. The precedents do not go that far.

In support of their contention that conditional certification of the collective and the class is appropriate here because the parties have agreed to a settlement, plaintiffs rely heavily on the decision of the Honorable Alison J. Nathan, United States District Judge, in Tart v. Lions Gate Entm't Corp., 14 Civ. 8004 (AJN), 2015 WL 5945846 (S.D.N.Y. Oct. 13, 2015), in

---

[11](...continued)
11, 2015).

24

which she concluded because Amchem teaches that a settlement

eliminates the manageability requirement for class certification,

the fact that each intern member of a collective or a class has a

different intern experience is not sufficient to defeat certifi-

cation of a settlement class.[12]  Tart is distinguishable.  There

was no prior decision in Tart that the interns' experience was so

diverse that the not even the modest threshold for Section 216(b)

conditional certification was met.  As set forth above, Judge

Furman not only found that the wide diversity among the duties

---

[12]Specifically, Judge Nathan stated:

> Although no Court in this Circuit has considered
> how Glatt applies to Rule 23(b) class certification for
> settlement purposes, the logic of In re AIG applies
> equally forcefully in the unpaid intern context.  In In
> re AIG, the defendant's liability turned on each
> individual investors' reliance, see id. at 241; here,
> Defendants' liability turns on the structure of each
> intern's internship, including tasks performed during
> the course of the internship.  See Glatt, 791 F.3d at
> 384.  In both cases, putting on this type of proof for
> hundreds or thousands of plaintiffs at trial "would
> render a trial unmanageable."  In re AIG, 689 F.3d at
> 242.  This Rule 23(b)(3)(D) factor, however, is not
> relevant for class action settlements.  Amchem 521 U.S.
> at 620.  Furthermore, the common internship policies
> alleged by the Plaintiffs, see Am. Comp. ¶ 28, 31 36,
> 45, demonstrate that many of the Glatt factors can be
> answered by resort to "generalized proof."  Glatt, 791
> F.3d at 386-87.  As a result, the class in this case
> satisfies Rule 23(b)(3)'s predominance requirement for
> settlement purposes.

2015 WL 5945846 at *4.

25

performed by interns weighed against conditional certification,
he also found that the conclusory declarations offered in support
of plaintiffs' claim of commonality were not credible.[13]   Because
plaintiffs have not supplemented the record with evidentiary
material filling this lacuna, there is no credible evidence in
the record that the experience of the four affiants proffered by
plaintiffs was shared by anyone else.

I appreciate that due to the running of the statute of
limitations, the failure to grant conditional certification to
the collective and the class will result in the majority of
interns who worked for defendants receiving nothing.  However,
this unfortunate consequence cannot serve to excuse plaintiffs'
failure to comply with the requirements of Section 216(b) and
Rule 23.   "[I]n the long run, experience teaches that strict

---

[13]Specifically, Judge Furman found that:

> Plaintiffs' affidavits contain a number of unsupported
> and conclusory assertions that the Court will not
> credit.  (See, e.g., Fraticelli Decl. ¶ 13 ("If I had
> not performed the various tasks I was assigned, MSG
> would have had to hire a paid employee to do them.");
> id. ¶ 15 ("I know that MSG treated other interns in a
> manner similar to me based on my observations as well
> as discussion we often had amongst ourselves.")); see
> also Myers, 624 F.3d at 555 (noting that the "modest
> factual showing cannot be satisfied simply by
> unsupported assertions" (internal quotation marks
> omitted))

2014 WL 1807105 at *3.

26

adherence to the procedural requirements specified by the legis-
lature is the best guarantee of evenhanded administration of the
law." Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980); accord
McNeil v. United States, 508 U.S. 106, 113 (1993); Baldwin County
Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984) (per curiam)
("Procedural requirements . . . are not to be disregarded by
courts out of a vague sympathy for particular litigants.").

IV. Conclusion

Accordingly, for all the foregoing reasons, plaintiffs'
application for conditional certification of the 216(b) collec-
tive and the putative class is denied.  Counsel are directed to
report to Courtroom 18-A, 500 Pearl Street, New York, New York on
July 18, 2018 at 9:30 a.m. to discuss the next steps to be taken
in this matter.

Dated:   New York, New York
         July 2, 2018

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel

27