## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into between Plaintiffs Christopher Fraticelli (the "Named Plaintiff"), Oritt Blum, Fernando Herrera, Scott H. Winter, and Kristen Slattery (together with Named Plaintiff, "Plaintiffs"), and MSG Holdings, L.P. and The Madison Square Garden Company (collectively "MSG" or "Defendants") (together with Plaintiffs, the "Parties").

**WHEREAS**, on September 16, 2013, Named Plaintiff filed a putative class and collective action lawsuit in the United States District Court for the Southern District of New York, No. 13 Civ. 06518 (JMF), captioned *Fraticelli v. MSG Holdings, L.P., et al.* (the "Civil Action"), alleging that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL"), based on Plaintiffs' alleged employment with Defendants and related alleged failure to pay wages and overtime compensation;

**WHEREAS**, Plaintiffs Oritt Blum, Fernando Herrera, Scott H. Winter, and Kristen Slattery have purported to join the Civil Action by filing consents to become party plaintiffs under the FLSA;

**WHEREAS**, Defendants deny that the Civil Action may be certified as a class action under Rule 23 or a collective action under the FLSA;

**WHEREAS**, Plaintiffs have been represented at all times by Virginia & Ambinder, LLP and/or Leeds Brown Law, P.C. (together, "Plaintiffs' Counsel");

**WHEREAS**, Plaintiffs and Defendants mutually desire to settle and terminate fully and finally any and all counts of the above-mentioned Civil Action and any and all differences and disputes between them, including, but not limited to, any and all claims which were raised or could have been raised in the above-referenced Civil Action, including, but not limited to, all matters related to Plaintiffs' compensation while performing services for Defendants and/or their affiliates;

**NOW, THEREFORE**, in consideration of the mutual promises contained here, the parties hereto, intending to be legally bound, **HEREBY AGREE AS FOLLOWS**:

1.  Release. Plaintiffs, for and in consideration of the payment described in Paragraph 3 below and subject to their compliance with the terms of the Agreement, and intending to be legally bound, do hereby REMISE, RELEASE, AND FOREVER DISCHARGE MSG Holdings, L.P., The Madison Square Garden Company, and their respective present and former affiliates, divisions, subsidiaries, parents, predecessors and their affiliated and related entities, any merged entity or merged entities and/or its or any of their present and former officers, partners, directors, employees, agents, attorneys, shareholders, insurers or reinsurers, employee retirement or benefit plans (and the trustees, administrators, fiduciaries, agents, representatives, insurers and reinsurers of such plans), assigns, trustees, heirs, administrators, executors, representatives and/or principals thereof, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity that could be jointly liable with

1

any of them (each a "Released Party" and collectively, the "Released Parties"), from and against any and all Released Federal Law Claims and Released State Law Claims, as defined below.

   a. For purposes of this Agreement, "Released Federal Law Claims" shall collectively mean any and all federal law claims, obligations, demands, actions, rights, causes of action, and liabilities against the Release Parties, of whatever kind and nature, character and description, whether known or unknown, and whether anticipated or unanticipated, including unknown claims, that accrue or accrued on any date up through the Effective Date of this Agreement, for any type of relief under the FLSA that arose from or relate in any way to internships and/or Plaintiffs' alleged employment by Defendants and/or Defendants' affiliates, including without limitation FLSA claims for wages, minimum wages, overtime, damages, unpaid costs, penalties (including late payment penalties), premium pay, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, and any related or derivative claims, including but not limited to related or derivative claims arising under the Employment Retirement Income Security Act ("ERISA").

   b. For purposes of this Agreement, "Released State Law Claims" shall collectively mean any and all wage and hour claims, obligations, demands, actions, rights, causes of action and liabilities against the Released Parties, of whatever kind and nature, character and description, whether known or unknown, and whether anticipated or unanticipated, including unknown claims, that accrued or accrue on any date up through the Effective Date of this Agreement, for any type of relief under New York, New Jersey, or Colorado law or any other state or local law that arose from or are in any way related to internships and/or Plaintiffs' alleged employment by Defendants and/or Defendants' affiliates, including without limitation claims under any legal theory for failure to pay minimum wage, failure to pay overtime, failure to pay for all hours worked, failure to provide meal and rest periods, failure to timely pay final wages, failure to reimburse for business expenses, and/or failure to furnish accurate wage statements or other notices, and any and all claims for recovery of compensation, overtime pay, minimum wage, premium pay, interest, and/or penalties, and any related or derivative claims, including but not limited to claims under ERISA, other penalties, related tort and punitive and liquidated damages claims, and/or violations of any other state or local statutory or common law.

Notwithstanding the foregoing, this Agreement does not release Plaintiffs' claims, if any, that are not waivable as a matter of law. Plaintiffs are not waiving any rights that they may have to enforce this Agreement.

Plaintiffs further agree that should any person, administrative agency, organization, or other third party file, charge, claim, sue or cause or permit to be filed any civil action, administrative charge, suit, or legal proceeding against or affecting any Released Party regarding any matter covered by this Release and occurring at any time prior to the Effective Date of this Agreement, Plaintiffs will not accept any personal relief in such civil action, suit, or legal proceeding.

2. <u>Motion for Approval of the Settlement and Order of Dismissal</u>. In further consideration of the payment described in Paragraph 3 below, Plaintiffs agree to file by [DATE], a Motion for Approval of the Settlement and Order of Dismissal, in a form agreed to by Defendants, seeking approval of the settlement and the dismissal with prejudice of all claims in the Civil Action for all five Plaintiffs. Defendants shall be provided with a minimum of fourteen (14) days to review, comment on, and approve a draft of the Motion for Approval of the Settlement and Order of Dismissal prior to filing. The Order of Dismissal will operate as a *res judicata* bar for all released claims in Paragraph 1.

3. <u>Consideration</u>. In exchange for and subject to compliance with (1) the promises and agreements made by Plaintiffs contained in this Agreement, (2) the submission to Defendants of an executed W-9 form for all Plaintiffs and their counsel, and (3) Plaintiffs' agreement to dismiss the Civil Action with prejudice pursuant to the procedures described in Paragraph 2 above and the Court actually approving the settlement and dismissing the Civil Action with prejudice, Defendants agree to pay each Plaintiff the gross amount set forth on his or her attached signature page, subject to applicable deductions and withholdings. One-half of each Plaintiff's gross payment will be reported on a form W-2, representing wages, and one-half of each Plaintiff's gross payment will be reported on a form 1099, representing penalties and interest and other alleged non-wage income. Provided that the Court approves the settlement and dismisses the Civil Action with prejudice, Defendants will pay to Plaintiffs' Counsel such fees/expenses approved by the Court, not to exceed FIFTY THOUSAND DOLLARS AND ZERO CENTS ($50,000). The payment of attorneys' fees/expenses to Plaintiffs' Counsel will be reported on Forms 1099 for Plaintiffs' Counsel and Plaintiffs.

The outcome of any proceeding related to Plaintiffs' Counsel's application for attorneys' fees and expenses shall not terminate this Agreement or otherwise affect the Court's ruling on the motion for settlement approval.

Defendants will pay the monies and benefits described in this Paragraph 3 within thirty (30) business days after the Court approves the settlement and dismisses the Civil Action with prejudice. The settlement amounts payable to the Plaintiffs shall be delivered to Plaintiffs' Counsel, who shall be solely responsible for delivering the settlement amounts to Plaintiffs. These amounts shall be the maximum amounts that Defendants will pay pursuant to the Agreement and are inclusive of all payments necessary to implement the Agreement and dismiss the Civil Action. Plaintiffs and their counsel are not currently aware of other lawyers or law firms having any potential claim to any portion of the settlement monies and benefits, including attorneys' fees/expenses, described in this Paragraph 3 and, to the extent any such claim does arise, Plaintiffs and their counsel agree to indemnify and hold Defendants harmless from any such claim.

Plaintiffs acknowledge and agree that there are no outstanding amounts of wages or fringe benefits or wage supplements, as defined in the FLSA or state law, owed to them by any of the Released Parties. Plaintiffs further expressly acknowledge and warrant that they are, and shall be, responsible for all of their applicable federal, state, and local tax liabilities that may result from the payments described in this Paragraph 3. Plaintiffs hereby warrant and agree that the Released Parties shall bear no responsibility for any such tax liabilities as to Plaintiffs' tax liabilities, and that Plaintiffs will make no claim against the Released Parties with respect to or

3

arising out of the reporting, if any, of the settlement payment to any taxing authorities. Defendants remain liable and shall pay any employer portion of taxes that is owed on the settlement payments.

4. **No Obligations/Bona Fide Dispute.** Defendants and Plaintiffs acknowledge that the monies and benefits described in Paragraph 3 above are not required by Defendants' policies, practices and/or procedures. Thus, Plaintiffs represent, warrant and agree that they are receiving consideration pursuant to this Agreement beyond that to which they are otherwise entitled and that their claimed right to additional wages or other compensation involves a bona fide dispute. It is expressly agreed and understood that Defendants do not have and will not have any obligation to provide Plaintiffs at any time in the future with any payments, benefits or other consideration other than those payments recited in Paragraph 3 above.

5. **No Claims.** Plaintiffs represent and agree that, other than the Civil Action, they have not filed any notices, claims, complaints, charges, administrative proceedings, or lawsuits of any kind whatsoever against any of the Released Parties with any court, any governmental agency, any regulatory body or any other third party with respect to any matter related to Defendants or the Released Parties, or arising out of Plaintiffs' internships and/or alleged employment with Defendants.

Plaintiffs' Counsel acknowledge that, as of the execution of this agreement, they have no other clients or knowledge of other individuals who have decided to bring or are contemplating bringing any action against any of the Released Parties related to those individuals' internships and/or alleged employment with Defendants and/or Defendants' affiliates.

6. **Non-Disparagement.** To the maximum extent permitted by law, Plaintiffs agree not to encourage, aid, or assist any other person that intends to or does pursue any claims of any sort against the Released Parties, or become involved in any way in any such proposed or actual claim by any other person or entity, except if testifying truthfully under oath pursuant to a validly served subpoena or other legal process compelling such testimony. Plaintiffs and their counsel will not reference MSG or Defendants, the fact or terms of this settlement to the media, online, on television, radio, or any website, in print, or through social media, and will respond to media inquiries only by stating that "the matter has been resolved."

7. **Effective Date.** This Agreement shall not become effective or enforceable unless and until all Parties have signed the Agreement (the "Effective Date").

8. **Non-Admission of Liability.** Plaintiffs and Defendants further recognize and agree that this Agreement and settlement of any and all claims against Defendants is not an admission of liability on the part of the Released Parties, which liability and responsibility for damages are specifically denied, and that Defendants' position is that the sole purpose of this Agreement is to avoid the cost of further litigation.

9. **Non-Admissibility.** Neither this Agreement nor anything in this Agreement shall be construed to be or shall be admissible in any proceeding as evidence of or an admission by Released Parties of any violation of any state, federal or local laws or regulations or any rules, regulations, criteria or standards of any regulatory body, or of a joint employer relationship

between Defendants and/or between Defendants and any other entity or person. This Agreement may be introduced, however, in a proceeding seeking the Court's approval of the settlement or a proceeding to enforce the Agreement.

10. <u>Entire Agreement</u>. This Agreement sets forth the entire agreement between the Parties and fully supersedes all other oral and written understandings or agreements between the Parties pertaining to the subject matter of this Agreement. No modification, revision, addition to, or alteration of this Agreement will be binding unless in writing and signed by Plaintiffs and Defendants.

11. <u>No Representation</u>. Plaintiffs represent and acknowledge that in executing this Agreement they do not rely upon and have not relied on any representation or statement by any of the Released Parties or by any of the Released Parties' agents, representatives or attorneys with regard to the subject matter, basis or effect of this Agreement.

12. <u>No Assignment</u>. Plaintiffs represent that they have not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, and Plaintiffs agree to indemnify, defend and hold harmless each and all of the Released Parties against any and all disputes based on, arising out of, or in connection with any such transfer or assignment, or purported transfer or assignment, of any claims or any portion thereof or interest therein. Plaintiffs acknowledge that Defendants may assign their rights under this Agreement.

13. <u>Execution of Counterparts</u>. The Parties agree that this Agreement may be executed in separate counterparts, facsimile signatures or other reliable electronically copied signatures shall be treated as original signatures, and that such counterparts, taken together, shall constitute one and the same complete Agreement.

14. <u>Severability</u>. The Parties agree that if any provision of this Agreement or the application thereof is held invalid, the invalidity shall not affect other provisions or applications of the Agreement which can be given their intended effect without the invalid provisions or applications and to this end the provisions of this Agreement are declared to be severable. If, however, a court of competent jurisdiction finds that any release by Plaintiffs in Paragraph 1 above is illegal, void, or unenforceable, Plaintiffs will promptly sign a release, waiver, and/or agreement that is legal and enforceable to the greatest extent permitted by law.

15. <u>Governing Law</u>. This Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the state of New York, both in its procedural and substantive aspects. This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Agreement or any specific term or condition thereof. Following the Effective Date of the Agreement, the Court will retain jurisdiction to enforce this Agreement.

16. <u>Binding Effect</u>. This Agreement shall be binding upon Plaintiffs and upon their dependents, heirs, representatives, executors, administrators, successors and assigns, and shall inure to the benefit of the Released Parties.

17. **No Presumption.** This Agreement shall be construed and interpreted as if all of its language were prepared jointly by Plaintiffs and Defendants. No language in this Agreement shall be construed against a party on the ground that such party drafted or proposed that language.

18. **Agreement By All Plaintiffs.** This Agreement is conditioned on the approval and a returned Signature Page from each of the five Plaintiffs. If any Plaintiff declines to approve and execute the Agreement, this Agreement is then void, but the parties agree to work in good faith to evaluate the possibility for a new settlement agreement applicable to the remaining Plaintiffs.

**IN WITNESS WHEREOF**, and intending to be legally bound hereby, Plaintiffs and Defendants hereby execute the foregoing Agreement.

DATED: September, 2018

MSG HOLDINGS, L.P. and THE MADISON SQUARE GARDEN COMPANY:

By: _____

Its: _____

CLASS COUNSEL:

DATED: September, 2018

**VIRGINIA & AMBINDER, LLP**

By: _____
Lloyd R. Ambinder

LaDonna M. Lusher
111 Broadway, Suite 1403
New York, New York 10006
Telephone: 212.943.9080
Fax: 212.943.9082

DATED: September, 2018

**LEEDS BROWN LAW, P.C.**

By: _____
Jeffrey K. Brown

One Old Country Road, Suite 347
Carle Place, NY 11514
Telephone: 212.309.6960

approval and a returned Signature Page from each of the five Plaintiffs. If any Plaintiff declines to approve and execute the Agreement, this Agreement is then void, but the parties agree to work in good faith to evaluate the possibility for a new settlement agreement applicable to the remaining Plaintiffs.

IN WITNESS WHEREOF, and intending to be legally bound hereby, Plaintiffs and Defendants hereby execute the foregoing Agreement.

DATED: August, 2018 MSG HOLDINGS, L.P. and THE MADISON SQUARE GARDEN COMPANY:

By: _____

Its: _____

CLASS COUNSEL: VIRGINIA & AMBINDER, LLP

DATED: August, 2018

By: _____
Lloyd R. Ambinder

LaDonna M. Lusher
111 Broadway, Suite 1403
New York, New York 10006
Telephone: 212.943.9080
Fax: 212.943.9082

DATED: August, 2018 LEEDS BROWN LAW, P.C.

By: _____
Jeffrey K. Brown

One Old Country Road, Suite 347
Carle Place, NY 11514
Telephone: 212.309.6960

PLAINTIFF SIGNATURE PAGE

Date: 8/24/18

PLAINTIFF CHRISTOPHER FRATICELLI

*[signature]*

SETTLEMENT AMOUNT:

$3,403.00

1

PLAINTIFF SIGNATURE PAGE

Date: 30.8.18

PLAINTIFF ORITT BLUM

*Oritt Blum* (signature)

SETTLEMENT AMOUNT:
$667.00

## PLAINTIFF SIGNATURE PAGE

Date: 8/30/18

**PLAINTIFF FERNANDO HERRERA**

*[signature]*

**SETTLEMENT AMOUNT:**
$209.00

|   |   |
|---|---|
| CLASS COUNSEL: | VIRGINIA & AMBINDER, LLP |

DATED: August __, 2018

By: _____
Lloyd R. Ambinder
LaDonna M. Lusher
111 Broadway, Suite 1403
New York, New York 10006
Telephone: 212.943.9080
Fax: 212.943.9082

DATED: August __, 2018  LEEDS BROWN LAW, P.C.

By: _____
Jeffrey K. Brown
One Old Country Road, Suite 347
Carle Place, NY 11514
Telephone: 212.309.6960

### PLAINTIFF SIGNATURE PAGE

Date: 8/23/18

PLAINTIFF KRISTEN SLATTERY

*/s/ Kristin Slattery*
Kristin Slattery

SETTLEMENT AMOUNT
$542.00

## PLAINTIFF SIGNATURE PAGE

Date: 8-31-18

**PLAINTIFF SCOTT H. WINTER**

*[signature]*

**SETTLEMENT AMOUNT:**
$593.00